Carter v. Gordon et al.

Judgment affirmed.

Filed Jan. 8, 1890.

---

No. 14,017.

CARTER v. GORDON ET AL.

SUPREME COURT.— *Weight of Evidence.*—Where there is evidence to support the finding the Supreme Court will not weigh the evidence to determine whether in its opinion the trial court rendered a proper conclusion supported by what the Supreme Court might conclude was a preponderance of the evidence.

PLEADING.— *Written Instrument. — Cause of Action. — Practice. —* Where a plaintiff sues on a written contract, he must, if he recovers at all, recover on the cause of action sued upon.

From the Howard Circuit Court.

*J. O'Brien* and *H. D. Thompson,* for appellant.
*M. C. Bell* and *H. C. Purdum,* for appellees.

OLDS, J.—This is an action for damages for the breach of
a written contract alleged to have been entered into between
Marshall Cade and the appellee Norman Gordon, for the
sale of a certain number of hogs by Cade to Gordon, and the
contract was afterwards assigned by Cade to the appellant Car-
ter. Issues were joined. One of the paragraphs of the answer
of the appellee denied the execution of the contract, which
was properly verified. The cause was submitted to the court
for trial without the intervention of a jury, resulting in a
finding and judgment in favor of the appellee. On proper
request, the court found the facts specially, and stated its
conclusions of law thereon. The appellant excepted to the
conclusions of law, also filed a motion for a new trial, which
was overruled and exceptions reserved. The court found
that the defendant, the appellee, never executed the contract
sued upon. The sole question presented and discussed in
the case is as to the sufficiency of the evidence to sustain the
finding of the court, particularly the finding that the defendant
never executed the contract sued on. This court has so re-
peatedly decided that it will not reverse a judgment on the
weight of the evidence that it is unnecessary to cite authority
in support of such rule.

It is conceded by counsel for appellant, in their brief, that
there was evidence to support the finding of the court, and
this admission is in accordance with the facts as they appear
in the record. There was evidence to support the finding,
and this court will not weigh the evidence to determine
whether in its opinion the trial court rendered a proper con-
clusion supported by what this court might conclude was a
preponderance of the evidence.

It is suggested that the court should have found other facts
entitling the plaintiff to recover independently of the written
contract sued upon, but the plaintiff, if he recovers at all,

must recover on the cause of action sued upon.   *Johnston* v. *Griest,* 85 Ind. 503 ; *Johnson Harvester Co.* v. *Bartley,* 81 Ind. 406 ; *Thomas* v. *Dale,* 86 Ind. 435 ; *Hasselman* v. *Carroll,* 102 Ind. 153.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

