Filed Oct. 11, 1890.

———————◆———————

No. 14,402.

## Shumate v. Farlow.

Statute of Frauds.—*Parol Contract for Personal Services.—Not to be Performed Within One Year.—Invalidity of.—Part Performance.—What Does not Constitute.*—The complaint avers that the plaintiff entered into a contract with the defendant, on the 10th day of November, 1887, whereby the latter agreed that if the former would move on the defendant's farm and work for him, he would pay him a certain stipulated sum per month, commencing on the 1st day of March, 1888, and to continue for nine months from said date. It is also averred that the plaintiff moved on the defendant's farm in December, 1887, in compliance with the agreement, taking his family and household effects; that he was ready to enter upon the performance of his contract to work on March 1st, 1888, and so notified the defendant, but that the latter repudiated his agreement, etc., whereby the plaintiff sustained damage, in money, loss of time, and other engagements for work.

*Held,* that the contract being in parol, and not to be performed within one year, was within the inhibition of the statute of frauds, and no action could be maintained to recover damages for its breach.

*Held,* also, that the moving of plaintiff's family and household effects to defendant's farm was not the performance of a substantive part of, but a mere incident to, the contract for personal service, and did not have the effect to rescue the agreement from the prohibition of the statute.

From the Wayne Circuit Court.

*W. A. Peelle* and *S. C. Whitesell,* for appellant.

*H. U. Johnson,* for appellee.

Mitchell, J.—The only question for decision involves the

propriety of the ruling of the court in sustaining a demurrer to a complaint in which the appellant charged, in substance, that he entered into a contract with the appellee, Farlow, on the 10th day of November, 1887, whereby the latter agreed that if the former would move on his, the defendant's, farm and work for him that he would pay him a certain stipulated sum per month, commencing on the 1st day of March then next ensuing, to continue for the period of nine months from March 1st, 1888. The plaintiff avers that he moved on the defendant's farm on the 6th day of December, 1887, in compliance with his agreement, taking his family and household effects, and that he was ready to enter upon the performance of his contract to work on March 1st, 1888, and so notified the defendant; but that the latter repudiated his agreement, and refused to designate any work to be done, or to comply with his contract in any way, whereby the plaintiff sustained damage in moving, loss of time, and other engagements for work.

The contract relied upon was by parol, and was not to be performed within one year, and the question is whether it was so far valid as to sustain an action to recover damages for its breach.

The contract, as we have seen, was made on the 10th day of November, 1887. The controlling feature of the agreement, and the one for the breach of which this action is brought, was that the appellant was to be furnished with employment, at a stipulated price to be paid by the appellee, for the period of nine months, to commence March 1, 1888. It was impossible, therefore, consistently with the intention of the parties, according to the express terms of the contract, that the agreement could have been fully performed within one year from the time it was made. An oral agreement for a term of service which extends beyond, and can not expire within one year from the date on which it was made, is within the statute of frauds, and is void so far as it remains unexecuted. No action can be maintained upon

such an agreement, either for the purpose of enforcing it or to recover damages for its breach. *Schoonover* v. *Vachon,* 121 Ind. 3, and cases cited; *Meyer* v. *Roberts,* 46 Ark. 80 (55 Am. Rep. 567); *Sutcliffe* v. *Atlantic Mills,* 13 R. I. 480 (43 · Am. Rep. 39); *Smith* v. *Theobald,* 86 Ky. 141; 8 Am. and Eng. Encyc. of Law, 685, 686; Browne Statute of Frauds, sections 282, 285, 291; Wood Frauds, sections 269, .272, 273. If such a contract can be looked to or respected for any purpose whatever, it is only to define and measure the rights of the parties so far as it has been voluntarily executed. It may well be that to the extent that either party has derived any advantage under the contract on account of the voluntary part performance of the other, the contract may be referred to in determining and considering the amount of compensation which may be recovered. *Schoonover* v. *Vachon, supra ; La Du-King Manufacturing Co.* v. *La Du,* 36 Minn. 473, and cases cited.

It is true the appellant avers that he moved his family and household effects on the appellee's premises in compliance with the contract, but the taking possession and occupancy of the house were not the performance of a substantive part of, but a mere incident to, the contract for personal service, and did not have the effect to rescue the agreement from the prohibition of the statute. The action is to recover damages for the breach of an invalid contract, as if it were valid, and not to be remunerated for something done for the appellee under it. As already remarked, a contract that is invalid within the statute can neither be specifically enforced, nor can it be made the basis of an action to recover damages for its breach.

It does not appear from any averments contained in the complaint that the appellant, by merely moving on the premises either conferred any benefit upon the appellee, or that he sustained any damage himself.

The judgment is affirmed, with costs.

Filed Oct. 11, 1890.