## BOARD OF COMMISSIONERS OF CLARK COUNTY v. HOWELL.

[No. 2,717. Filed January 27, 1899.]

PLEADING.—*Complaint.*—*Exhibit.*—*Variance.*—Where, in an action upon a contract of employment, the complaint alleges that the contract was for the term of one year from the date of its execution, and a memorandum filed with the complaint as an exhibit shows that the employment was not to be performed within a year from the making thereof, the exhibit controls. *p. 497.*

CONTRACTS.—*Part Performance.*—*Statute of Frauds.*—The doctrine of part performance has no application to contracts that cannot be performed within a year. *p. 498.*

STATUTE OF FRAUDS.—*Order of County Commissioners.*—*Attestation.* — In an action against a board of county commissioners based upon an order set out in the proceedings of such board, and signed "Peter Dillon, P. B.," such order cannot be held to be signed by the board so as to take the contract expressed therein out of the statute of frauds, in the absence of a showing that the signature was by one lawfully authorized to make the attestation on behalf of the board. *p. 500.*

From the Floyd Circuit Court. *Reversed.*

*T. H. Stradley*, for appellant.

*Edgar A. Howard*, for appellee.

BLACK, C. J.—It is assigned as error that the Clark Circuit Court, from which the venue was changed to the court below, erred in overruling the demurrer of the appellant to the appellee's complaint, for want of sufficient facts. It was, in substance, shown by the complaint that on the 1st day of September, 1895, the appellant, being in regular session and there being before the board for consideration the appointment of a janitor for the court-house of Clark county for the year beginning September 1, 1895, employed and engaged the appellee as such janitor for said ensuing year, under and by virtue of an order by said board upon that date passed and spread upon the records of "said court," a copy of which order is exhibited. It is further alleged that the appellee, pursuant to the terms of said order, accepted said employment, and entered upon the duties of janitor of the court-house for one year beginning September 1, 1895, for which services he was to receive the sum of $480; that he performed the said duties of janitor from the 1st of September, 1895, until the 15th of June, 1896, at which time he was discharged without cause; that the appellant had ever since refused, and still refused, to permit him to perform his said duties as janitor of said court-house; that he was willing, and had ever since been willing, to perform his part of said order of employment, and to comply with all the provisions thereof; and that because of the appellant's failure and refusal to permit him to do so he had been damaged in the sum of $500, for which he demanded judgment.

The exhibit filed with the complaint was as follows: "In the matter of appointing a janitor for

court-house. The board, being advised that the present janitor's time would expire before the next regular session of this board, proceed to appoint James W. Howell janitor of the court-house for one year from Sept. 1, 1895, and longer if he renders satisfactory service to the circuit court and the officers, at a salary of $480 per annum, payable quarterly. Peter Dillon, P. B. Attest. June 14, 1895."

There is inconsistency in this complaint. While it is alleged that the board of commissioners, on the 1st day of September, 1895, under and by virtue of an order that day passed, employed the appellee for the year beginning on the same day, and that he accepted said employment, and entered upon the duties thereof, for one year beginning on the same day, yet the order itself, thus alleged to have been made September 1, 1895, states that the board was advised that the then employed janitor's time would expire before the next regular session of the board, and that the board proceeded to appoint the appellee for one year from September 1, 1895. The order is dated June 14, 1895. As the pleading must be taken most strongly against the pleader, and as the exhibit, so far as it differs from the averments of the pleading, controls, we must regard the complaint as declaring upon a contract of employment to render service for a year to commence in the future. Being an "agreement that is not to be performed within one year from the making thereof," no action could be brought thereon unless the agreement, or some memorandum or note thereof, be in writing, "and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized. Section 6629, Burns' R. S. 1894, (4904, Horner's R. S. 1897).

An oral agreement for service for a term extending

beyond one year from the date of the making of the contract, which service cannot, according to the contract, expire within one year from that date, is within the statute of frauds, and no action can be maintained upon such a contract, either for the purpose of enforcing it or to recover damages for the breach thereof. *Shumate* v. *Farlow*, 125 Ind. 359.

Where a complaint is based upon a written contract, the plaintiff must recover upon the written contract or not at all. *Carter* v. *Gordon*, 121 Ind. 383.

Where a party to a contract voidable under the statute of frauds has rendered services pursuant to the contract, he may recover the value of the services under a *quantum meruit*. *Wolke* v. *Fleming*, 103 Ind. 105.

The doctrine of part performance has no application in the case of a contract that cannot be performed by either party within a year. *Wolke* v. *Fleming, supra*.

The signature is required for the purpose of attesting the writing as that which contains the terms of the contract. *Jones* v. *Victoria, etc., Co.*, L. R. 2 Q. B. D. 314. In that case it was held that an entry in the record of the minutes of the proceedings of a corporation, signed by a person having authority thereto, may constitute a memorandum of a contract required by the statute of frauds sufficient to charge the corporation. In *Chase* v. *City of Lowell*, 7 Gray (Mass.) 33, it was held that the vote of an authorized committee of a city electing their clerk as city engineer for a year from a subsequent date, duly recorded and signed by him as their clerk, was a sufficient note or memorandum to take the appointment out of the statute of frauds. In *Tufts* v. *Plymouth, etc., Co.*, 14 Allen, 407, the vote of a corporation, signed by its clerk, was held to constitute a contract in writing, within the statute of frauds. In *Argus Co.* v. *Mayor*,

*etc.*, 55 N. Y. 495, it was held that an entry in the minute book of a resolution passed by the governing body of a municipal corporation expressing the terms of a contract, signed by the clerk of that body at the end of the day's minutes containing the resolution, constituted a note or memorandum in writing, signed by the party to be charged, within the meaning of the statute of frauds, and was sufficient to bind the corporation, where the contract, by its terms, was not to be performed within a year. It was said, per Folger, J., "In this case the party to be charged and whose subscription is needed, is the defendant, a municipal corporation. It is plain that such a defendant can make no note or memorandum, nor subscribe the same, save by an officer or agent thereof. It is so, also, that it ordinarily acts by its legislative or governing body, and that the action of that body is expressed in the minutes of its action, recorded, as it takes place, in the books kept for that purpose by its clerk or secretary. Hence it is that its agreements are rarely oral, but, *pari passu* with the making of them, they are on the instant of formation put into writing, and thus a note or memorandum of them is made; and the minutes of the day's doings of the body being signed by the clerk thereof, there is a subscription of the note or memorandum, made by the party, by its agent duly authorized. This is a satisfactory compliance with the statute. It meets the purpose and intention of the law, by providing an enduring and unchanging evidence of the agreement; and it meets its letter, for there is some note or memorandum of it in writing, subscribed by the party to be charged thereby, the subscription made by an authorized agent."

In *Caldwell* v. *School City of Huntington*, 132 Ind. 92, the complaint alleged that the school city on the 24th

of May, 1887, by a resolution passed at a regular meeting, employed the plaintiff as superintendent of the public schools of the city from the 1st of August, 1887, to the 31st of July, 1888; that he was notified of his election and accepted the employment; that the secretary of the board wilfully and purposely failed and refused, as such secretary, to make the record of the employment; that the minutes of the meeting contained a resolution, but that the same was in the possession of the defendant, or had by the defendant been destroyed or mislaid, so that a copy could not be filed with the complaint; that afterward a new board repudiated the contract and employed another teacher. The action was brought to recover the year's salary. The court said: "It seems too clear for argument, that no contract or memorandum was signed by the party to be charged," and the complaint was held insufficient on demurrer.

At the bottom of the order set out as an exhibit, opposite the word "attest," is the name "Peter Dillon," and the annexed initials "P. B." There is no averment in the complaint in relation to any signature or concerning the person whose name is thus added. The exhibit is set out as an order alleged to have been passed by the board, and spread upon its records. It may be considered that the records of the board of commissioners show what is thus exhibited. The question is whether or not it appears as a fact that the memorandum was signed by the appellant, or by some person lawfully authorized by the appellant to sign it. In *Goddard* v. *Stockman, Treas.,* 74 Ind. 400, 404, speaking of the board of county commissioners, it was said: "No statute has been called to our attention or come under our observation, which requires that the proceedings of the board be signed by the members of the board, though it is doubtless the common usage, and

the better practice, that the proceedings be so signed and authenticated. The auditor of the county is required to 'attend the meetings of such commissioners, and keep a record of their proceedings,' and 'the commissioners of each county shall use a common seal; and copies of their proceedings, when signed and sealed by the said auditor, shall be sufficient evidence thereof, on the trial of any cause in any of the courts of this State.' 1 R. S. 1876, p. 351, sections 7 and 10. But, conceding the propriety and necessity of the signatures of the commissioners, we are clear that unsigned orders of the board are not void, and when properly signed, within any reasonable time, become valid from the time when made." In *Weir* v. *State, ex rel.*, 96 Ind. 311, it was held that an unsigned record of a board of county commissioners, showing an election of a secretary of the board of health of the county, was not void as against a collateral attack, but supplied evidence of the action of the board. In the case at bar, the action being based upon the alleged contract, it devolved upon the appellee to show in his complaint a contract, or some note or memorandum thereof in writing, signed by the party to be charged therewith, or by some person thereunto by that party lawfully authorized. There is no averment whatever in the complaint in relation to the name at the end of the exhibit, or to any person so named. We cannot judicially know, or presume that the trial court judicially knew, that the order was signed or attested by a person who, at the date of the order, was a member of the board of county commissioners, and held a particular official position in the board, and had authority to sign and attest the proceedings of the board of that date. The complaint is seemingly evasive, and the facts are meagerly stated. They should have been stated fully, directly,

and plainly.   Granting all indulgence possible, we cannot regard the complaint as sufficient on demurrer. Judgment reversed.