## ZIMMERMAN ET AL. v. ZEHENDNER.

[No. 20,527. Filed April 4, 1905.]

1. CONTRACTS.—Oral.—Sale of Real Estate.—Commission.—An oral contract for commission for effecting a sale of real estate is invalid by statute. p. 467.
2. STATUTES.—Construction.—Sale of Real Estate.—Commission.—Written Contract.—A statute requiring contracts for commission for procuring a sale of real estate to be in writing is not satisfied by a written acknowledgment of an oral contract. p. 469.

Zimmerman *v.* Zehendner.

3. CONTRACTS.—*Benefit of Third Party.*—*Right to Sue.*—A third party may maintain an action on a contract made for his benefit.  p. 469.

4. SAME.—*Written Memorandum.*—*Sufficiency.*—A written memorandum of a contract required to be in writing, which omits the consideration to be paid, is not a contract in writing, but since a part of such contract must be shown by parol, the whole contract is oral and therefore unenforceable.  p. 469.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Action by Charles M. Zimmerman and another against James Zehendner. From a judgment for defendant, plaintiffs appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*W. & E. Leonard,* for appellants.
*George F. Felts,* for appellee.

MONTGOMERY, J.—Appellants brought this action against appellee to recover compensation as agents for services rendered in procuring a purchaser for, and effecting a sale of, appellee's farm. The complaint was in five paragraphs, and the court sustained appellee's demurrer to each paragraph thereof, to which rulings appellants excepted, and, declining to plead further, judgment was rendered against them for costs.

The errors assigned require us to determine the sufficiency of facts alleged in each paragraph of the complaint to constitute a cause of action.

1. The third paragraph of the complaint declares upon an oral contract for the payment by appellee of a reasonable sum of money as and for commission for the services of appellants in finding a purchaser for, and effecting a sale of, appellee's farm. A recovery for services of this character can not be had unless such services were rendered in pursuance of a contract in writing. This paragraph was clearly insufficient, and there was no error in sustaining appellee's demurrer to the same. §6629a Burns 1901, Acts 1901, p.

104; *Beahler* v. *Clark* (1904), 32 Ind. App. 222; *Lee* v. *York School Tp.* (1904), 163 Ind. 339.

The other paragraphs of the complaint declare upon an employment and agreement, originally oral, to pay appellants for services as real estate agents. It is averred in the first and fourth paragraphs that they were to receive $300; in the second, a reasonable sum; and in the fifth, all money in excess of $2,000 for which they might sell the farm. Each paragraph alleges that appellants procured a purchaser for the farm, a sale and conveyance for $2,300, and payment and settlement of the purchase money. Each of said paragraphs further averred, in substance, that at the time of finding said purchaser for said farm appellants caused a written agreement to be prepared and executed by appellee and said purchaser, Wilson Spindler, wherein it was covenanted and agreed, as a part of the consideration of the purchase and sale of said land, that appellee would pay appellants, as his duly authorized agents, a sum of money theretofore agreed upon, as and for their compensation in securing a purchaser for said land. A copy of said agreement was filed with and made a part of each of said paragraphs of complaint.

The paragraph of said agreement relied upon by appellants for a recovery reads as follows: "(3) Said James Zehendner further agrees that when said Wilson Spindler has complied with said contract, to deliver or cause to be delivered a warranty deed in fee simple, free of all encumbrances whatever, and to compensate his authorized agents, Warner & Zimmerman, to the amount that has been and is now understood, and further agrees to give possession of said described premises thirty days from date of contract."

Section 6629a, *supra,* reads as follows: "That no contract for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another, shall be valid, unless the same shall be in writ-

ing, signed by the owner of such real estate or his legally appointed and duly qualified representative."

2.    The statute requires that the contract for the payment of a commission for the sale of real estate be in writing, and a written memorandum or acknowledgment of an oral contract will not fulfill the requirements of the law.

3.    Appellants' counsel correctly state the legal proposition that "where one person contracts with another, on a sufficient consideration, to do a thing for the benefit of a third person, such person so benefited may, on acceptance of such contract before it is rescinded, sue to enforce it."

4.    The question still remains whether appellee and Spindler, in the contract between them, sufficiently embodied the collateral contract between appellee and appellants to meet the terms of the statute above quoted.    All of the provisions of the contract, between appellee and Spindler relating to appellants were embraced in two lines as follows: "And to compensate his authorized agents, Warner & Zimmerman, to the amount that has been and is now understood."    This provision is extremely meager, and if we infer that appellants were the authorized agents for the sale of the particular real estate described, and were to be compensated for services rendered in connection with its sale, the material part of the agreement—the amount of the compensation—is still left in uncertainty and undetermined. The compensation is to be the amount "understood;" but by whom is not stated.    In short, the contract, in so far as it relates to this action, is only partially in writing.    The important feature—the amount of commission to be paid—is to be ascertained by parol testimony in regard to an understanding which may prove to be a misunderstanding, the exact thing which the statute was designed to prevent.

A contract partly written and partly verbal is a parol contract, and contracts required by law to be in writing must be wholly written to be enforceable. *Carskaddon* v. *City of South Bend* (1895), 141 Ind. 596; *Lee* v. *Hills* (1879), 66

Ind. 474; *Pulse* v. *Miller* (1881), 81 Ind. 190; *Board, etc.,* v. *Shipley* (1881), 77 Ind. 553; *Ridgway* v. *Ingram* (1875), 50 Ind. 145, 19 Am. Rep. 706; *Norris* v. *Blair* (1872), 39 Ind. 90, 10 Am. Rep. 135; *Lingeman* v. *Shirk* (1896), 15 Ind. App. 432; *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471, 484. A material part of the contract in suit being verbal, it must be held to be an oral contract, and therefore invalid. It follows that in sustaining appellee's demurrer to each paragraph of the complaint no error was committed.

The judgment is affirmed.