## PHILLIPS ET AL. v. JONES ET AL.

[No. 5,922.   Filed March 15, 1907.]

CONTRACTS. — *Sales.—Real Property.—Commissions.—Statutes.*— A written contract by the owners of real property with agents for the sale of such property for a commission, which fixes no compensation, but which contains a provision: "To be a lien during existence" alleged to mean that by oral agreement of the parties, such agents were to receive the amount received in excess of the stipulated contract price, is not sufficient under §6629a Burns 1901, Acts 1901, p. 104, requiring such contracts to be in writing.

From Clay Circuit Court; *Presley O. Colliver,* Judge.

Action by Thomas Phillips and another against Samuel Jones and others.   From a judgment for defendants, plaintiffs appeal.   *Affirmed.*

*A. W. Knight,* for appellants.

*L. F. Tilley,* for appellees.

ROBY, P. J.—The trial court sustained a demurrer for want of facts to the single paragraph of the appellants' complaint, and, upon their refusal to plead further, rendered judgment against them, from which the appeal is taken.   The assignment of error is that the court erred in sustaining said demurrer.

It was averred in the complaint that the appellants were partners; that appellees Jones and Jones were husband and wife, and on October 21, 1904, were the owners in fee simple as tenants by the entirety of certain described real estate in the city of Brazil; that on said date appellees Jones and Jones, being desirous of selling said property, gave an option in writing to appellants to sell the same for them at the price of $950 to any person willing to buy, and agreed to make a deed to any purchaser that appellants might procure within thirty days from said date; that within such time appellants found a buyer for said property at the price of $1,150, and thereupon offered to pay to

said appellants the sum of $950 named in the option, and at the same time demanded of them a deed for said property in order to close said sale, but said appellants refused to execute such deed, and in a short time sold said property to the appellee Wetnight, who is alleged to have had knowledge at and prior to the time he bought said real estate of all the facts herein averred. The instrument filed with the complaint is in terms as follows:

"Sale Contract.

Phillips & Weaver, agents.

Gentlemen: I have for sale the following described property, to wit: Part of Lot No. 2 in Hendrix's Eighth Addition to the city of Brazil, located at Nos. 402, 406, 408 and 414 North Hoosier street in the city of Brazil.

I hereby place the above property in the hands of the aforesaid agents, and authorize its sale for the price of $950, and, when said agents find a customer who is ready and willing to purchase said property at the price above named, I agree to convey the same, by good and sufficient warranty deed and to furnish an abstract of title showing the same free of all encumbrances. Giving agents control of the same for a period of thirty days from date. To be a lien during existence. Samuel Jones.
Sarah Jones."

It is further averred: "That said written instrument, executed by defendants Jones and Jones to the plaintiffs herein, contained the expression 'to be a lien during existence,' which was understood, construed and interpreted by said defendants Jones and Jones and the plaintiffs, and was by all said parties agreed to mean, that said plaintiffs were to receive as a commission for procuring a purchaser for said real estate the difference between the price fixed in the option and such price as plaintiffs could obtain therefor, and that such difference, which amounted to $200, should be a lien upon said real estate."

The act of March 5, 1901 (Acts 1901, p. 104, §6629a Burns 1901), is as follows: "That no contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative." Commissions for the sale of real estate cannot be recovered since the passage of this act, unless a contract in writing, signed by the owner, promising to pay, is shown. *Beahler* v. *Clark* (1904), 32 Ind. App. 222; *Isphording* v. *Wolfe* (1905), 36 Ind. App. 250. The contract relied upon contained no promise to pay any sum of money or thing of value. By it Jones and Jones agree to sell the real estate described for $950. It is entirely silent as to any commission to be paid by them for making such sale. It is not, therefore, a sufficient contract under the statute. *Sprankle* v. *Trulove* (1899), 22 Ind. App. 577; *Wilstach* v. *Heyd* (1890), 122 Ind. 574; *Lee* v. *Hills* (1879), 66 Ind. 474; *Carskaddon* v. *City of South Bend* (1895), 141 Ind. 596; *Ridgway* v. *Ingram* (1875), 50 Ind. 145, 19 Am. Rep. 706. The court did not err in sustaining a demurrer to the complaint.

Judgment affirmed.

Hadley, Rabb and Comstock, JJ., and Myers, C. J., concur. Watson, J., absent.