## FULLENWIDER *v.* GOBEN.

[No. 21,889.   Filed October 6, 1911.]

1. CONTRACTS.—*Parol.*—*Commissions for Sale of Real Estate.*—A parol agreement to execute a written contract for commissions upon the sale of real estate cannot be enforced.   p. 315.

2. CONTRACTS.—*Parol.*—*Commissions on Sale of Real Estate.*—*Quantum Meruit.*—No action lies on the *quantum meruit* upon an oral contract for commissions for sale of real estate.   p. 316.

3. CONTRACTS.—*Indivisible.*—*Parol.*—*Commissions on Sales of Personal and Real Estate.*—A parol contract to pay a certain sum as a commission for the sale of certain personal property and real estate cannot be enforced as to the personal property, where the

contract did not specify the amount to be paid for commissions on each class of property. p. 316.

4. DECEIT.—*Fraud.*—*Sales of Real Estate.*—No action for fraud or deceit lies for money expended and time spent in securing a purchaser for real estate, where no written contract therefor was made. p. 316.

From Fountain Circuit Court; *Isaac E. Schoonover,* Judge.

Action by John C. Fullenwider against John L. Goben. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Henry D. VanCleave* and *Clinton B. Marshall,* for appellant.

*Charles Johnston* and *Will H. Johnston,* for appellee.

MYERS, J.—Appellant instituted an action in two paragraphs in the Montgomery Circuit Court, where a demurrer was sustained to the second paragraph, and overruled as to the first. A change of venue was taken to the Fountain Circuit Court, where a demurrer was sustained to the first paragraph. Error is here assigned upon the alleged error of the Montgomery Circuit Court, and upon the action of the Fountain Circuit Court in setting aside the ruling of the Montgomery Circuit Court, and sustaining the demurrer to the first paragraphs.

Neither paragraph, nor the substance thereof, is set out separately in the briefs, but there is one statement set out embracing the substance of each, and not challenged by appellee.

The substance of the complaint is that in December, 1905, defendant for the purpose of deceiving, misleading and defrauding plaintiff, falsely represented to him that he was the owner in fee of certain described real estate, including a hotel property situate thereon, of the value of $60,000, together with furniture and fixtures in the hotel of the value of $15,000; that he was in possession of the property, lived

with his family in the hotel, and was running the hotel; that plaintiff believed and relied upon his statement as true, but defendant knew it was false, and knew that plaintiff relied upon it as true; that for the purpose of deceiving, cheating and defrauding him, and causing him to spend money and much valuable time in behalf of defendant, the latter deceitfully, falsely and fraudulently represented to plaintiff that if he would find him a purchaser, or would trade for the real estate and personal property, he would pay him $1,000, and prior to closing the sale or trade would execute to him a written contract to that effect; that at the time of making such representations defendant did not intend to pay plaintiff, or to execute such contract; that plaintiff, relying upon defendant's representations and promises, and believing them to be true, spent $160.50, at the special instance and request of defendant, in railroad fares, hotel expenses, telephone and telegraph bills, and transportation, and spent forty-one days' time, of the value of $840; that he procured a customer for defendant who traded for the hotel; that when the transaction came to be closed, defendant claimed that he could close the trade only by procuring a loan of $13,000 on the hotel property and furniture, unless the purchaser would take the property subject to a mortgage of $13,000, and that plaintiff procured the purchaser to agree to do so; that defendant, for the purpose of defrauding plaintiff, deceitfully, fraudulently and falsely represented to him that if he would procure him a loan of $15,000 on the real estate he would pay him $100 in addition to the $1,000 agreed to be paid for furnishing a customer for the hotel; that relying upon and being misled by the representations, believing them to be true, he procured an appraisement of the property, and submitted applications to various loan companies, whereby he spent $25 in money, and ten days' time, of the value of $200, when he for the first time discovered that defendant had no title to the real estate, and no loan could be procured; that during all that time

defendant knew he had no title; that defendant then agreed with plaintiff that if he would procure the purchaser to execute a first mortgage on the property for $13,500, and a second mortgage for $45,000, he would pay $1,000 in cash for procuring the agreement to execute said notes, and that he at the time had no intention to pay plaintiff, but that plaintiff, relying on his promise, did procure the purchaser to consent to execute the notes as requested by defendant, and for the purpose of cheating and defrauding plaintiff, defendant caused the property to be conveyed to the purchaser by the owner, and the purchaser executed the notes and mortgages in accordance with the agreement procured by plaintiff; that plaintiff has frequently demanded that defendant reimburse him for the money so paid out, and that he execute to him the contract to pay the $1,000 for procuring the purchaser, all of which was refused; that plaintiff was unacquainted with defendant and his financial condition, and during all the time defendant represented himself to be a wealthy man, and as having large unencumbered holdings of real estate in Arkansas, Missouri and Illinois, which representations were false; that he was in fact insolvent, and plaintiff relied upon his representations, believing them to be true, and was thereby damaged in the sum of $2,500, for which he demands judgment in tort.

Appellant claims his theory of this complaint to be an action for damages for deceit and fraud, while appellee urges that the allegations as to false representations,

1. fraud, deceit, etc., are mere characterizations, to obviate the statute of frauds with respect to an oral contract for a commission for the sale of real estate.

As the parties have taken no care to point out the difference, if any, between the two paragraphs, and have treated them as being alike, we so treat them.

So far as the complaint can be said to sound in contract, it is clearly insufficient. If parties were permitted to prove

a parol agreement to enter into a written agreement for the sale or exchange of real estate, as a basis for recovery of damages, the statute would be evaded, and that would be done by indirection which is positively forbidden to be done directly, and the very object of the statute would be thwarted. §7463 Burns 1908, Acts 1901 p. 104.

There can be no recovery upon the contract under a *quantum meruit. Zimmerman* v. *Zehendner* (1905), 164 Ind. 466; *Phillips* v. *Jones* (1907), 39 Ind. App. 626; *Beahler* v. *Clark* (1904), 32 Ind. App. 222.

Neither can the complaint be supported on the theory of its being in part a contract for the sale of personal property. The contract is entire, and cannot be separated or apportioned. Besides, to uphold it would be to let in oral proof to establish a contract as separate, and would not only be to make a contract that the pleadings show the parties did not make, but would uphold as an entirety, a contract that the law forbids. Since the contract is void as to the real estate it is void also as to the personal property. *Pond* v. *Sheean* (1890), 132 Ill. 312, 323, 8 L. R. A. 414; *Meyers* v. *Schemp* (1873), 67 Ill. 469.

Appellant disclaims any right of recovery upon contract, and seeks to ground his action as for fraud and deceit, by virtue of which he was induced to expend money and devote time, to an attempt to procure a purchaser in which he was successful. So far as he alleges the expenditure of money and time in and about the procurement of a purchaser, he must fail. He was bound to know as a matter of law that without a written contract agreeing to pay him a commission he could not recover a commission, nor for any time or money expended in the attempt. It must be assumed that he would have spent time and money if he had had a written contract; that would have been a part of the consideration for the contract, yet in that event he would have been relegated to his contract, and could not have recovered for time and money spent.

As appellant's theory of his complaint is that it sounds wholly in tort, the judgment must be affirmed. We express no opinion as to the allegations of the complaint, as to his having been employed by appellee under an agreement to pay him to procure a loan for him, or as to the agreement to pay him for procuring the purchaser of the property to execute certain notes and mortgages, as his action is not based on that agreement.

The judgment is affirmed.