## GRIFFITH ET AL. *v.* HAMMER.
[No. 10,284.   Filed April 6, 1920.]

1. NEW TRIAL.—*Motion.*—*Memorandum Not Required.*—*Construction of Statute.*—Section 691e Burns' Supp. 1918, §5, Acts 1917 p. 523, requiring memorandum to be attached to motions, does not apply to motions for a new trial.   p. 160.

2. FRAUDS, STATUTE OF.—*Contract Not to Be Performed Within One Year From Making.*—An employment for service for one year to begin in the future is within the statute of frauds. p. 161.

From Marion Superior Court (105,692) ; *Vincent G. Clifford,* Judge.

Action by Ralph W. Hammer against Vernon C. Griffith and another.   From judgment for plaintiff, the defendants appeal.   *Reversed.*

*Lucius B. Swift,* for appellants.
*Mark H. Miller,* for appellee.

McMAHAN, J.—This is an action by appellee to recover damages for a breach of an alleged contract by which it is claimed appellants employed appellee to work for them as a traveling salesman for one year, beginning January 1, 1916. Appellee began working for appellants January 3, and was discharged January 12, 1916. There was a trial by jury, which resulted in a verdict and judgment in favor of appellee.

Section 5, Acts 1917 p. 526, §691e Burns' Supp. 1918, requiring a memorandum to be attached to motions does not apply to a motion for a new trial. *Wilson v. Sentman* (1919), 74 Ind. App. ——, 121 N. E. 669. Appellants contend that the verdict is not sustained by sufficient evidence and is contrary to law.

The evidence shows that prior to October 13, 1915, appellee, who was a traveling salesman, had a conversation with one of the appellants in regard to a position with appellants, in which appellee was offered a salary of $900 a year, or $75 a month, and expenses, from January 1, 1916. Following this conversation, appellee wrote a letter to appellants, stating that he would accept the position and start work January 1, if appellants were in a position to give him $1,000 a year. Appellants answered this letter October 13, and stated that they were willing to pay him a salary of $75 a month and five per cent. on his sales exceeding a certain amount. A few days later appellee called at appellants' store and informed them that he would accept their proposition and would start to work not later than January 1.

Appellee testified as a witness and in stating what occurred when he reported for work said: "I simply told them I was there willing to start on my contract with them as agreed on. * * * I simply told him I was there to start my work as we had agreed upon by

his letter." On cross-examination he again made use
of the expression: "I told Mr. Griffith I was there to
start work according to the agreement made between
he and I, to the agreement in his letter, and the talk we
had had. I believe I told him I had come back to work
under the contract and that I had come back to work
under his letter. I said I had come back to work under
the contract made by his letter to me, I mean to say I
came back to work for them a year as we had agreed
upon in our conversation and by his letter.  *   *   *  I
told him I was ready to start to work under the con-
tract. I wanted to recall the contract between the two
of us. We had already made the agreement."

Accepting appellants' version of the contract of hir-
ing, the agreement was one to employ appellee for one
year beginning January 1, 1916, and was made
in October, 1915. The contract of hiring was
oral. According to appellee's testimony it was
not to be performed within one year. It was therefore
within the statute of frauds and not enforceable.

As said by the Supreme Court in *Shumate* v. *Farlow*
(1890), 125 Ind. 359, 25 N. E. 432: "An oral agree-
ment for a term of service which extends beyond, and
cannot expire within one year from the day on which
it was made, is within the statute of frauds, and is void
so far as it remains unexecuted. No action can be
maintained upon such an agreement, either for the pur-
pose of enforcing it or to recover damages for its
breach." See, also, *Board, etc.* v. *Howell* (1899), 21
Ind. App. 495, 52 N. E. 769.

The verdict is clearly contrary to law. Judgment re-
versed, with directions to grant appellants a new trial,
and for further proceedings not inconsistent with this
opinion.