MARTIN v. MARTIN.

[No. 18,235. Filed February 28, 1952.]

242

*Robert G. Bottorff*, of Jeffersonville, for appellant.

*Prentice & Prentice*, and *Dixon W. Prentice*, both of Jeffersonville, for appellee.

ROYSE, J.—Appellee brought this action against appellant, his wife, for the foreclosure of a mechanic's lien against her separate property. The trial court found the facts specially and stated its conclusions of law thereon in favor of appellee. Judgment in favor of appellee for $2,015.85.

The assignment of errors here is that the court erred in overruling appellant's motion for a new trial, and in each of its six conclusions of law. The specifications of

the motion for a new trial are, that the finding of the court is not sustained by sufficient evidence, is contrary to law, and an attempt to assign error in the admission of certain evidence.

In her brief appellant has set forth propositions, points and authorities. This has not been proper practice since the 1949 revision of the rules of the Supreme Court. Rule 2-17(e). Were it not for the fact that under the heading "Argument" appellant has made at least a good-faith effort to comply with the foregoing rule, we would be be required to hold no question was presented.

The facts found by the court may be summarized as follows: The parties hereto are elderly persons. For some time prior to January 15, 1948, the appellant owned certain improved real estate in Clark County. On said last mentioned date they agreed to marry. At the same time appellee agreed to make, at his own expense, extensive repairs and alterations to the dwelling house on said real estate. In consideration of his making these alterations and repairs appellant agreed to have the title to said property invested in the parties as tenants by the entireties. The foregoing was a parol agreement. Pursuant to this agreement the parties were married on February 5, 1948. Shortly thereafter, and up until about April 21, 1948, appellee made the following repairs and alterations to said house: Removed roof, including sheeting and rafters, and replaced with a new roof, removed siding and sheeting from exterior walls, as necessary, and replaced the same with new siding and sheeting, removed and completely rebuilt the front porch, completely built one bathroom and equipped the same with wash basin, bath tub, and toilet bowl, and installed a combination sink and cabinet in the kitchen. He furnished all the material and labor therefor, the

reasonable value of which was $1,777.00. The reasonable fee for appellee's attorney was fixed as $238.85. During the time the repairs were made the parties lived together in the house as husband and wife. While the work was being done appellee requested appellant to have the title vested in them as tenants by the entireties. She said there was plenty of time for that. When the work was practically completed he again demanded she make this change. She flatly refused. On June 16, 1948 appellee filed in the office of the Recorder of Clark County his notice of a mechanic's lien against said property. Thereafter this action was commenced with the result heretofore indicated.

The appellant first contends the contract between the parties for the transfer of title being in parol was not enforcible. We agree. However, this is not an action for specific performance of the contract, but is an action to foreclose a mechanic's lien.

It is a well settled principle of law that one who has rendered services or transferred property under a contract voidable under the statute of frauds may recover the property or the value of such services or property under the *quantum meruit* or *quantum valebant*. This principle was adopted in this state as early as 1841, and it has not since been disturbed. *Barickman, Admr.* v. *Kuykendall, Admr.* (1841), 6 Blackf. 21, 24-25; *Burt et al.* v. *Bowles et al.* (1879), 69 Ind. 1, 7; *Schoonover, Exec.* v. *Vachon et al.* (1889), 121 Ind. 3, 4, 5, 22 N. E. 777; *Millikan* v. *Davenport* (1892), 5 Ind. App. 257, 260, 31 N. E. 1122; *Wolke* v. *Fleming et al.* (1885), 103 Ind. 105, 110, 2 N. E. 325, 328; *Board of Commissioners of Clark County* v. *Howell* (1899), 21 Ind. App. 495, 498, 52 N. E. 769; Restatement of Law of Contracts, §355-(1).

We are of the opinion there was sufficient evidence to sustain the special finding of facts. No question is presented in reference to the admission of evidence, because the questions, objections and answers were not set out in the motion for a new trial.

Appellant further contends the conclusions of law are not supported by the findings of fact and that some of them are not conclusions of law but findings of fact. In our opinion the findings of fact are amply sufficient to sustain the conclusions of law. At least one of the conclusions and part of another do state facts instead of conclusions of law. However, by regarding the findings of fact stated in the aforementioned conclusions of law as surplusage, there are still sufficient conclusions of law to sustain the judgment.

It is apparent from the record herein and the briefs of the parties that this action was tried on the theory that appellee was among the class intended to have the benefit of the mechanic's lien law. Our decision is based on this theory. We find no reversible error.

Judgment affirmed.

Achor, J., not participating.

NOTE.—Reported in 103 N. E. 2d 905.