**HOUSING AUTHORITY OF CITY OF ALLENTOWN, PENNSYLVANIA**

**v.**

**EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.**

Civ. A. No. 15866.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1955.

Sidney L. Wickenhaver, C. Brewster Rhoads, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The policy of liability insurance in this case required, as a condition pre-

cedent, written notice of an accident "as soon as practicable" and also that the insured should "immediately forward to the Company every demand * * * received by him". In the present case, the insured was notified of a serious accident, of a nature covered by the policy, in June 1947, a few days after it occurred. In March 1948 it received notice from the injured boy's attorney that, unless an amicable settlement could be arrived at, suit would be instituted. This notice it promptly referred to its attorney, who had some correspondence with the boy's attorney. However, the defendant insurance company was not notified of the accident or of the claim and did not know of either until after suit was brought in November 1948, at which time the plaintiff sent the complaint, which had been served upon it, to the defendant.

Assuming that the Housing Authority was a governmental agency or branch of the government (state or federal or both), the plaintiff's contention that its rights cannot be affected by the negligence of its manager in failing to comply with the terms of the policy cannot be sustained. The question here is not whether an agent can bind or affect the government by unauthorized waiver. Rather, it is simply whether the government can enforce an agreement without performing its side of the contract and complying with the conditions precedent to the other party's obligation. The principle relied on by the plaintiff does not go so far as to transform a default into a performance. Immunity of the sovereign from being sued does not include immunity from its own default when it sues.

There was a delay in this case of seventeen months following knowledge of the accident and eight months following notice of the claim. The case is squarely ruled by Jeannette Glass Co. v. Indemnity Ins. Co., 370 Pa. 409, 88 A.2d 407, 409, in which case the Court said "It is equally clear that in the absence of extenuating circumstances eight and one-half months is an unreasonable delay in giving notice."

The plaintiff points to the clause "in the absence of extenuating circumstances" and suggests that the fact that its manager was not sufficiently experienced to know that, in the absence of demand or threat of suit at the time, the accident should have been reported immediately constitutes an extenuating circumstance, thus raising a fact issue and precluding summary judgment. I cannot agree, but, even so, there was an eight months delay after a demand and threat of litigation had been referred to the plaintiff's attorney who certainly was not lacking in experience.

Judgment may be entered for the defendant.