The HOUSING AUTHORITY OF CITY OF ALLENTOWN, PENNSYLVANIA, Appellant,

v.

The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited.

No. 11796.

United States Court of Appeals Third Circuit.

Argued April 19, 1956.

Decided April 26, 1956.

C. Brewster Rhoads, Philadelphia, Pa. (Sidney L. Wickenhaver, Philadelphia, Pa., on the brief), for appellant.

John J. McDevitt, 3rd, Philadelphia, Pa. (Peter P. Liebert, 3rd, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

## PER CURIAM.

This is a suit by the plaintiff to recover from the defendant insurance company the amount paid by the plaintiff when sued for injuries resulting from an accident on its premises. The plaintiff has paid the judgment and seeks to recover upon a liability policy issued by the defendant to it. The defense is that the plaintiff has violated the terms of the policy and has no rights upon it.

The policy contains three paragraphs which control here. They are as follows:

"7. Notice of Accident. Upon the occurrence of an accident written notice shall be given by or on behalf of the Insured to the Company, or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

"8. Notice of Claim or Suit. If Claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

"15. Action Against Company. No action shall lie against the Company, unless as a condition precedent thereto, the Insured shall have fully complied with all of the terms of the policy."

The accident on which the judgment was based took place on May 31, 1947. Action against the present plaintiff was begun November 12, 1948. The insurance company was notified on November 16, 1948. But, in the meantime, early in June of 1947, the executive director of the plaintiff was notified of an accident on the premises by the father of the boy who was injured therein. On March 3, 1948, an attorney representing the boy and his father wrote the plaintiff stating his retention by the father in a claim against the Housing Authority. This letter was referred to the Authority's lawyer. But the insurance company was not notified until after suit had been started in November.

The district court gave summary judgment for the defendant. The record consists of the complaint, the answer and a long set of interrogatories and answers thereto. The plaintiff filed

no affidavits thereto, nor any answer to the motion for summary judgment. This is the entire record. The plaintiff now suggests that the case should have been tried with a view to developing extenuating circumstances which would excuse the long delay in notifying the insurance company. We agree with the district court that the case is a proper one for summary judgment.

The judgment will be affirmed upon the opinion of the district court, 140 F.Supp. 706 and the Pennsylvania decision in Jeannette Glass Co. v. Indemnity Insurance Co. of North America, 1952, 370 Pa. 409, 88 A.2d 407.