**Ferdinand P. SCHOETTLE**

v.

**SARKES TARZIAN, INC., Sarkes Tarzian and Mary M. Tarzian, His Wife.**

**Civ. A. No. 24767.**

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

William C. Hogg, Jr., Phliadelphia, Pa. (Clark, Ladner, Fortenbaugh & Young), Philadelphia, Pa., for plaintiff.

Herbert C. Marvin (Schumacker & Lunkenheimer), Philadelphia, Pa., for defendants.

LEAHY, District Judge.

Plaintiff started suit against the corporate and individual defendants in the Court of Common Pleas of Philadelphia County. The sheriff's return as to the individual defendants shows they were served "by handing a true and attested copy of the within complaint at Erie Avenue and K Streets, in the County of Philadelphia, State of Pennsylvania in the place of business of said defendant to Mrs. Keely, the person for the time being in charge thereof who stated that her relationship to said defendant is that of clerk being unable to ascertain the residence of said defendant within said county upon inquiry at said place of business."

The case was removed to this Court. Plaintiff is a New Jersey citizen. One

defendant is an Indiana corporation with its principal office in Bloomington, Indiana, and with a place of business in Philadelphia at Erie Avenue and K Streets. The two individual defendants are citizens of and reside in Indiana. They are shareholders, directors and officers of the corporate defendant. The instant action is in assumpsit and in personam against the individual defendants as well as the corporate defendant.

The question is whether an individual citizen of Indiana not engaged in any individual business in Pennsylvania may be subject to in personam liability in assumpsit through substituted service at a branch place of business in Pennsylvania of an Indiana corporation of which the individual defendant is a stockholder, director and an officer.

█ 1. In assumpsit actions in Pennsylvania jurisdiction may be had on an individual through substituted service under Rule 1009(b) (2), (c), 12 P.S.Appendix. This rule incorporates by reference the provisions for service of process on non-residents contained in Rule 2079. See Goodrich-Amram Standard Pennsylvania Civil Practice—Rule 1009(c). Rule 2079 is made applicable by Rule 2077(a) (2) to "actions as to which the laws of this Commonwealth authorize service of process upon a non-resident individual engaged in business within the Commonwealth."

2. Judge Goodrich in Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193–194 stated substituted service on a non-resident in a personam action involves state law and if the state attempts to exercise jurisdiction over a non-resident questions may arise as to due process under the 14th Amendment; but, the federal question is not reached unless it is found the state statute is broad enough to assert jurisdiction. The real question is whether the state asserts jurisdiction over a defendant under the circumstances of the particular case, and, here, whether there was jurisdiction over the individual defendants in an action in personam.

█ 3. Individual defendants have no office or place of business in Pennsylvania. Service was made on the person in charge of the branch office of a foreign corporation. Individual defendants do not work here. To sustain the service it must be held the state has jurisdiction not only on all individuals who live and work here but also over all persons who are shareholders, directors and officers of the foreign corporation which has a branch place of business within the state. Substituted service on non-residents under Rule 2079(b) is restricted by Rule 2077(a) (2) to "actions as to which the laws of this Commonwealth authorize service of process upon *a non-resident individual engaged in business* within the Commonwealth" (Emphasis added). It is plain for substituted service to be made upon a non-resident defendant at an office or place of business within the state, such non-resident individual defendant must be engaged in business within the Commonwealth. The place of business where service was attempted here was not a place of business of the individual defendants. In fact, it was a branch place of business of the Indiana corporation. Research has failed to reveal any specific Pennsylvania case dealing with the particular problem involved, but the discussions in Anderson's Pennsylvania Civil Practice (Vol. 2, pp. 258-9, 263–4) supports the view taken here. Concluding that the Pennsylvania statutes never intended to reach such individual non-resident defendants as are present here, it is not necessary to go into the question of whether the method of service provides insufficient assurance of notice of the action being brought to the attention of such a defendant. The reasonableness or adequacy of notice is not reached.

█ 4. Rule 2077(b) does not apply for defendants are not "engaged in business in Pennsylvania." The precise holding here is that Pennsylvania does not assert jurisdiction over a non-resident individual defendant in an action in personam, through substituted service on the person in charge of a branch plant

of a foreign corporation of which the individual defendant is a stockholder, director and officer where such place of business in not that of the individual and where the individual defendant does no business within the Commonwealth. If the procedural rules of Pennsylvania were to be construed as to assert jurisdiction, serious questions of due process under the 14th Amendment would be presented.

An order should be submitted providing for the quashing of the return of service upon the individual defendants.