Ferdinand P. SCHOETTLE

v.

SARKES TARZIAN, INC., Sarkes Tarzian and Mary M. Tarzian, his wife.

Civ. A. No. 24767.

United States District Court
E. D. Pennsylvania.

Jan. 10, 1961.

William Charles Hogg, Jr., Philadelphia, Pa., for plaintiff.

Lloyd J. Schumacker, Philadelphia, Pa., for defendants

VAN DUSEN, District Judge.

This action is one for commissions allegedly due under an oral contract of exclusive agency whereby plaintiff was engaged to find a purchaser of the stock or assets of defendant corporation.

The suit, which was originally instituted in the Court of Common Pleas of Philadelphia County, was removed to this court under 28 U.S.C.A. § 1446. The individual defendants, Sarkes and Mary M. Tarzian, filed Motions to Quash the Sheriff's Return of Service as to them (Documents Nos. 3, 4, 6, 7), which motions were granted D.C., 167 F.Supp. 172 (Documents Nos. 9 and 10). After some discovery procedures had been com-

pleted, the corporate defendant, Sarkes Tarzian, Inc., moved for summary judgment under F.R.Civ.P. 56, 28 U.S.C.A. (Document No. 14). This motion, presently before the court, is based on defenses of the Statute of Frauds (Burns' Ind.Stat.Ann. 33–104), the Pennsylvania Brokers Act (63 P.S. §§ 432, 436 & 446), and non-fulfillment by plaintiff of the conditions of the contract which would entitle him to compensation. The facts before the court on this motion are summarized below.

Sarkes Tarzian, Inc., an Indiana corporation, is in the business of manufacturing and selling television parts and operating certain radio and television broadcasting stations. Mr. Sarkes Tarzian, the majority stockholder in this family corporation, orally employed plaintiff as exclusive agent to find a purchaser of the stock, assets or combination of stock and assets of the corporation in August 1956.[1] The selling price was to be $12,000,000 or its equivalent in other property and plaintiff was promised a fair and reasonable commission. The assets of the corporation included some improved real estate situate in Indiana (see Exhibit A attached to Complaint, Document No. 1, valuing land and buildings at $2,200,000 without including machinery and equipment of 1.5 million). Written correspondence followed the oral contract.

Plaintiff produced a purchaser ready and willing to enter into an arrangement for the transfer of the business on or about February 9, 1957. The offer was communicated to Mr. Sarkes Tarzian on or about that date, but was subsequently rejected by him on February 28, 1957, due to alleged non-conformance with the terms of the offer to sell (see Exhibit B, attached to Complaint, Document No. 1). Plaintiff's claim is for fair and reasonable commission for his services in producing the above-mentioned purchaser, even though the sale was not consummated.

I. *Authority of Mr. Tarzian to act for the defendant corporation*

The Complaint alleges that Mr. Tarzian, acting for himself and as agent for the other individual defendant and defendant corporation, employed plaintiff to find a purchaser for the business, either through a sale of stock or assets of defendant corporation, a combination thereof, or other arrangement (Complaint, Document No. 1, par. 7).

■ The record discloses no authorization from the corporation to Mr. Tarzian relative to this matter. No copies of minutes have been produced which show that the Board of Directors appointed Mr. Tarzian their agent for the sale of the assets of the business or gave him authority to employ another to negotiate for such a sale. Affidavits of members of the Board of Directors of the corporate defendant indicate that no such authority was ever given (see Document No. 19). Mr. Tarzian's office as President of the corporation did not enable him to act as its agent in this matter without other authorization.

■ The defendant corporation could not have given Mr. Tarzian authority to act as its agent if a sale of the stock were contemplated since Mr. Tarzian, his wife and children owned all of the outstanding corporate shares (N. T. 17 of Document No. 17). The corporation, not being the owner of the shares which would be sold, would have no standing to authorize anyone to negotiate for sale of them. Therefore, even if records of defendant corporation had disclosed that Mr. Tarzian was appointed agent to negotiate a possible sale, such appointment could only have authorized a sale of the assets as far as the corporate defendant was concerned. Plaintiff has argued that "the proposed sale was one of stock, primarily and preferably (see Complaint Par. 7 and Deposition Pages 28 and 161)" (plaintiff's Brief, p. 6, Document No. 23). It is clear that Mr. Tarzian was not, and could not have been, acting on behalf of the corporation insofar as he employed Mr. Schoettle to sell the stock of the company.

---

[1]. Plaintiff was also authorized to make an "equivalent arrangement" (par. 7 of Complaint, Document No. 1).

## II. *Statute of Frauds*

 The corporate defendant claims that the alleged oral contract is not enforceable since the corporation assets included considerable improved real estate. Since Indiana is the place of contracting, its Statute of Frauds is applicable. Linn v. Employers Reinsurance Corporation, 1958, 392 Pa. 58, 61, 139 A.2d 638. Under that law, a contract for commissions for procuring a purchaser of real estate must be in writing. Burns' Ind.Stat. Ann. 33–104.[2]

 This statute has been strictly enforced by the Indiana courts and contains the language quoted in footnote 2 below. If a contract to pay commissions for the sale of land does not fix the amount of compensation to be paid, the courts have found the contract non-enforceable [3] under this section of the Statute of Frauds,

2. This section contains the following language: "That no contract for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, or a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative." Acts 1913, c. 219, § 1, p. 638.

3. Vogel v. Ensor, 1921, 76 Ind.App. 91, 131 N.E. 416; Morton v. Gaffield, 1912, 51 Ind.App. 28, 98 N.E. 1007; Doney v. Laughlin, 1911, 50 Ind.App. 38, 94 N.E. 1027. In Selvage v. Talbott, 1911, 175 Ind. 648, 95 N.E. 114, at pages 116–117, 33 L.R.A.,N.S., 973, the court said:

 "Where the law makes an express oral contract for services invalid, it will not create, by implication, a liability for such services. * * * In Zimmerman v. Zehendner, 164 Ind. 466, 73 N.E. 920, this court said: 'In short, the contract, in so far as it relates to this action, is only partially in writing. The important feature—the amount of commission to be paid—is to be ascertained by parol testimony in regard to an understanding which may prove to be a misunderstanding, the exact thing which the statute was designed to prevent.'

 "A contract partly written and partly verbal is a parol contract, and contracts required by law to be in writing must be wholly written to be enforceable.

 "Under this statute, no recovery can be had on the quantum meruit."

there can be no recovery under a quantum meruit theory.[4] Therefore, insofar as the contract is considered one for the sale of assets (as it must be insofar as defendant corporation is concerned) which include real estate,[5] this action is barred by the Statute of Frauds.

## III. *Pennsylvania Brokers Act*

The plaintiff is not licensed to act as a real estate broker in Pennsylvania. Defendant corporation argues that this fact bars him from maintaining any action for commissions in this court.

Under Pennsylvania law, real estate brokers must be licensed and an unlicensed broker cannot recover commissions for acting as a broker as that term is defined by law. See 63 P.S. §§ 432(a), 436, 446. This Act must be considered by a Federal Court sitting in Pennsylvania.[6]

4. See Selvage v. Talbott, supra; Phillips v. Jones, 1907, 39 Ind.App. 626, 80 N.E. 555; Zimmerman v. Zehendner, 1905, 164 Ind. 466, 73 N.E. 920; Fullenwider v. Goben, 1911, 176 Ind. 312, 95 N.E. 1010; Beahler v. Clark, 1903, 32 Ind.App. 222, 68 N.E. 613. Compare theses cases with those concerned with other sections of the Statute of Frauds under which the quantum meruit or quantum valebat theories are allowed to be advanced. See, e. g. Martin v. Martin, 1952, 122 Ind. App. 241, 103 N.E.2d 905, 906; Miller v. Kifer, 1921, 75 Ind.App. 198, 130 N.E. 278, 281.

5. It is noted that there is no evidence that the proposed sale of real estate was separable and divisible from a proposed sale of the other assets of the corporation. In Fullenwider v. Goben, 1911, 176 Ind. 312, 95 N.E. 1010, at pages 1011–1012, the court said:

 "Neither can the complaint be supported upon the theory of its being in part a contract for the sale of personal property. The contract is entire, and cannot be separated or apportioned. Beside, to uphold it would be to let in oral proof to establish a contract as separate, and would not only be to make a contract which the pleadings show the parties did not make on the one hand, and, on the other, to uphold a contract as an entirety, which the law forbids. Being void as to the real estate, it is void as to personal property."

6. C. B. Snyder Realty Co. v. Sherrill-Noonan, Inc., 3 Cir., 1958, 261 F.2d 269, 272.

The corporate assets included real estate located in the State of Indiana (see Exhibit A attached to Document No. 1). The fact that the real estate for which one acts as a broker is located outside the Commonwealth of Pennsylvania does not prevent applicability of the statute. 63 P.S. § 432(a).

Here the value of the land (without the improvements) was only a small part of the value of the corporate business, but it has been held that the statute applies in such instances.[7] The fact that no actual sale took place does not prevent the Act from applying.[8] Plaintiff made an attempt in Pennsylvania to negotiate a sale and arranged a meeting of the parties concerned in Pennsylvania for this purpose.[9] This activity is sufficient to bring his actions under the prohibitions of the statute. 65 P.S. §§ 432(a), 436 and 446.

The record is devoid of facts showing any contention that the sale of the "business" and of the real estate were to be separate transactions so as to bring this case under the rule of Schoenfeld v. Meckes, 1950, 166 Pa.Super. 101, 70 A.2d 377.[10]

Therefore, even though the Pennsylvania Brokers Act would not apply to an action for the sale of stock,[11] it would be a bar to an action for commissions for finding a buyer for the corporate assets which include real estate.[12]

The foregoing discussion requires that the corporate defendant's Motion for Summary Judgment be granted. See Housing Authority of City of Allentown, Pa. v. Employers' Liability Assur. Corp., 3 Cir., 1956, 232 F.2d 932; New Wrinkle v. John L. Armitage & Co., 3 Cir., 1956, 238 F.2d 753; United States for use of Kolton, etc. v. Halpern, 3 Cir., 1958, 260 F.2d 590.

In view of the discussion under I–III above, it is not necessary to consider whether the record now before the court requires the conclusion that plaintiff did not fulfill the terms of the alleged contract in producing the offer described in the Complaint.

---

7. Schultz v. Palmer Welloct Tool Corp., 3 Cir., 1953, 207 F.2d 652.

8. Alford v. Raschiatore, 1949, 163 Pa. Super. 635, 63 A.2d 366.

9. These facts distinguish the present actions from cases like C. B. Snyder Realty Co. v. Sherrill-Noonan, Inc., 3 Cir., 1958, 261 F.2d 269, where no acts were performed in Pennsylvania.

10. In that case, there was no evidence that plaintiff negotiated or had anything to do with the sale of real estate; there was no claim for commission on its sale; the court found the purchase of the real estate and the "business" to be separate transactions and that plaintiff procured a purchaser for the "business" only. The Brokers Act was found not applicable.

11. Shares of the capital stock of a corporation are essentially distinct and different from the corporate property. Bridge Co. v. Pittsburgh & B. Traction Co., 1900, 196 Pa. 25, 28, 46 A. 99. Ownership of stock does not constitute one owner of the corporation property. Homestead Borough v. Defense Plant Corp., 1947, 356 Pa. 500, 508, 52 A.2d 581.

12. See Burns v. Gartzman, 1939, 139 Pa. Super. 453, 11 A.2d 708, where the "business" was to be sold and the real estate to be leased. The court said the claim for compensation rested on an illegal foundation.