(76 App. Div. 78.)

## GOLDSTEIN v. SCOTT.

(Supreme Court, Appellate Division, First Department.   November 21, 1902.)

1. STATUTE OF FRAUDS—CONTRACT OF ANOTHER STATE—REAL ESTATE AGENT.
    A contract of employment to sell real estate is governed by the statute of frauds of the state where it was made.

2. SAME—RECOVERY ON QUANTUM MERUIT.
    Under the New Jersey statute of frauds (Gen. St. p. 1604, § 10), providing that no real estate agent selling land shall be entitled to any commission therefor unless the authority for selling is in writing, no recovery can be had on a quantum meruit for selling real estate under an oral employment therefor made in that state.

    Laughlin, J., dissenting.

Appeal from trial term.

Action by Max Goldstein against Marie G. Scott. From a judgment on a verdict directed for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

S. Horkimer, for appellant.

H. J. Hindes, for respondent.

PATTERSON, J. In an action to recover the value of services which the plaintiff claimed to have rendered to the defendant as a broker in making an exchange of a parcel of real estate belonging to her for another piece of property belonging to a third party, the court at the trial directed a verdict for the defendant. From the judgment entered thereupon this appeal is taken.

The complaint sets forth that between certain dates the plaintiff rendered services to the defendant, at her request, as a broker in the exchange of property; that such services were reasonably worth the sum of $875, no part of which had been paid. The defendant, in her answer, denied the allegations of the complaint, and then set up that the alleged promise or request, if any, charged in the complaint, was made in the city of West Hoboken, county of Hudson, state of New Jersey; that by the general statutes of the state of New Jersey relating to frauds and perjuries it is provided in the tenth section thereof as follows:

"That no broker or real estate agent selling or exchanging land for or on account of the owner, shall be entitled to any commission for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing, and signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority." Gen. St. p. 1604.

This section of the New Jersey statute of frauds has direct application in this case. No action could have been maintained upon a contract of employment, for under this complaint the plaintiff was authorized to make the exchange of the lands. It is not disputed that, if any contract were made, it was made in the state of New Jersey. That being so, it is to be governed by the law of that state. In Wilson v. Mill Co., 150 N. Y. 314, 44 N. E. 959, 55 Am. St. Rep. 680, it was

¶ 2. See Brokers, vol. 8, Cent. Dig. §§ 44, 79.

held that where, within the contemplation of the parties to a contract, that contract is to be considered as made in another state (as, in that case, the state of Maine), the statute of frauds of that other state must control in determining the validity of the contract. It is urged, however, that, although a contract of employment was void by the statute of the state of New Jersey, still the plaintiff might ignore that contract, and sue upon a quantum meruit for services rendered to and accepted by the defendant in the exchange of the properties; but the statute of New Jersey in terms prohibits the recovery of any compensation for services rendered contrary to its terms, and is not a statute merely relating to procedure or administration, but contemplates that, even where services are rendered, and property is sold or exchanged by a broker, there shall be no right to compensation unless the statute is complied with. But, even if that were not so, the plaintiff would not be entitled to recover under the allegations and proof in this action, that proof being insufficient to show that the plaintiff did himself effect the exchange.

The judgment appealed from should be affirmed, with costs. All concur, except LAUGHLIN, J., who dissents.

---

(76 App. Div. 87.)

### In re GRANT AVE.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. SPECIAL ASSESSMENTS—PARTIALITY—APPEAL.

　　Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Proceedings to open Grant avenue, in the city of New York. Appeal from order denying motion to confirm report of commissioners of estimate and assessment. 70 N. Y. Supp. 1045. Order affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
James A. Deering, for respondent Rogers.
John C. Shaw, for other respondents.