## Beahler v. Clark.

[No. 4,513. Filed October 30, 1903. Rehearing denied January 13, 1904.]

Frauds, Statute of.—*Brokers.*—*Commission for Sale of Real Estate.*—*Oral Contract.*—A recovery on a common count for services rendered can not be had where it appears that the services were rendered under a contract for the payment of a sum of money as a commission for the procuring by the plaintiff of a purchaser for real estate of the defendant which was not in writing as required by §6629a Burns 1901.

From Jasper Circuit Court; *S. P. Thompson*, Judge.

Action by Barney Clark against William T. Beahler. From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. W. Hanley* and *J. J. Hunt*, for appellant.
*Frank Foltz*, *C. G. Spitler* and *H. R. Kurrie*, for appellee.

BLACK, J.—The appellee sued the appellant upon an account for work and labor performed by the former for the latter. The appellant has presented on appeal the overruling of his demurrer to the complaint for want of sufficient facts and the overruling of his motion for a new trial.

The case involves a consideration of the statute of March 5, 1901, providing that "no contract for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative." Acts 1901, p. 104, §6629a Burns 1901.

The complaint was in the form of a common count for work and labor performed by the appellee for the appellant at his special instance and request, a bill of particulars being filed with the complaint. Whatever may be said properly of items of the account shown by the bill of particulars, which indicate services of the appellee in seeking and finding a purchaser for land, there were some of the twenty items of the bill of particulars which did not show that the sums thereby charged were for services rendered for such purpose, or in any way connected therewith. Thus, there were items for services in writing letters, and in trips to a number of different specified places, and for trips to examine land. The question whether a motion to make the complaint more specific as to these items should have been sustained is not presented. The objection suggested to the complaint, that it sought a recovery contrary to the statute above quoted, therefore can not be sustained.

There was a verdict in favor of appellee for $240. On the trial it appeared in evidence that the appellee, whose business was that of a real estate agent, rendered services

in procuring a purchaser for land of the appellant, a farm of 240 acres, sold to a third person. Some of the items of the complaint related on their face to such services. As to a considerable number of the items of the bill of particulars no evidence was furnished. All the other items of the bill of particulars concerning which there was any evidence related to services which entered into and constituted parts of the service of procuring the purchaser of the land, and were rendered under an employment of the appellee by the appellant to procure such purchaser. The evidence showed that the appellant hired the appellee to bring buyers and to sell the appellant's farm; that there was a commission contract, a verbal agreement between the appellant and the appellee, which was that the former would allow the latter $240 for selling the place if the appellee could get $85 an acre, which was the price for which the land was sold. There was evidence, introduced over appellant's objection, as to the value of the services of the appellee.

*Goldstein* v. *Scott,* 78 N. Y. Supp. 736, was an action to recover the value of services which the plaintiff, in his complaint, claimed to have rendered for the defendant at her request, as a broker in making an exchange of a parcel of real estate belonging to the defendant for another piece of property belonging to a third person, the services being alleged to be reasonably worth a certain sum, no part of which had been paid. An answer showed that the promise or request, if any, charged in the complaint, was made in another state (New Jersey), and that by a certain statute of that state it was provided, "that no broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commission for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing and signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority." It was urged on behalf of the plaintiff that, although a con-

Beahler v. Clark.

tract of employment was void by this statute, still the plaintiff might ignore that contract and sue upon a *quantum meruit* for services rendered to and accepted by the defendant in the exchange of the properties; but the court said that the statute contemplated that, even when services were rendered and property was sold or exchanged by a broker, there should be no right to compensation unless the statute were complied with.

In *McCarthy* v. *Loupe,* 62 Cal. 299, there were two paragraphs of complaint, one upon a contract of employment for a specified amount as commission, the second for the reasonable value of work and labor and services performed at the defendant's special instance and request. The code of that state provided that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission should be invalid unless the same, or some note or memorandum thereof, was in writing, and subscribed by the party to be charged or by his agent. It was said by the court: "It is not claimed that the agreement in this case, or any note or memorandum thereof, was in writing. But it is claimed that the plaintiff may, nevertheless, recover what his services were reasonably worth, upon a promise implied by law, by reason of the loss which he has sustained in rendering the service, and the benefit received by the defendant in accepting the same. * * * But no case has been brought to our attention in which it has been held, where proof of employment is indispensable to a right to recover for services, that in the absence of such proof a recovery can be had. And to entitle a broker to recover commissions for effecting a sale of real estate, it is indispensable that he should show that he was employed by the owner (or on his behalf) to make the sale. * * * But for the provisions of the code above cited it may be that the absence of an express contract might be supplied by proof of

usage regulating transactions of this kind.  *  *  *  It
would seem, therefore, that no recovery could have been
had before the code, without proof of an express contract
or of a usage regulating such transactions.    The law in
such a case would never imply a contract.    Since the code,
no express contract in a case like this can be of any avail
unless in writing.    This particular kind of contract can
only be proved by the introduction of an instrument ·in
writing." See, also, *Myres* v. *Surryhne,* 67 Cal. 657, 8
Pac. 523; *Shanklin* v. *Hall,* 100 Cal. 26, 34 Pac. 636;
*McGeary* v. *Satchwell,* 129 Cal. 389, 62 Pac. 58; *Doland*
v. *O'Toole,* 129 Cal. 488, 62 Pac. 92; *King* v. *Benson,* 22
Mont. 256, 56 Pac. 280.

Before the enactment of our statute above quoted a con-
tract to procure a purchaser for land was valid without
being in writing.    *Fischer* v. *Bell,* 91 Ind. 243.    If, under
a complaint in the form of a common count, a recovery
may be had upon proof of a valid special contract, yet,
when the evidence shows a contract, express in all its parts,
for certain designated services to ·be performed by the
plaintiff for the defendant for a certain specified price,
there can be no occasion for proof of the reasonable value
of the services.    The law will not imply a promise to pay
the reasonable value of services as to whose value the
parties have expressly contracted.    That would be a chang-
ing of a contract as to the part thereof to be performed by
one of the parties.    It having appeared that the services
for which the action was brought were rendered under a
contract for the payment of a sum of money as for a com-
mission or a reward for the procuring by the plaintiff of a
purchaser for the real estate of the defendant, and that
the contract was not in writing, signed by the defendant or
his legally appointed and duly qualified representative,
there could be no recovery, the contract upon which alone
a recovery, if any, could be based, being invalid.

In the absence of a statute on the subject, upon proof of

an employment and services rendered under it, doubtless the reasonable value of the service might be recovered in the absence of an agreement of the parties as to its value. But in any case seeking compensation for such service there must have been an employment of the plaintiff by or for the defendant. How, in the absence of statute, the employment may be proved need not be discussed.

We think that it is the true intent of our statute that there shall be no recovery of compensation for service of an agent in finding or procuring a purchaser for real estate except upon a written contract such as the statute describes.

Judgment reversed, and cause remanded for a new trial.