[No. 7012. Decided February 28, 1908.]

CLAUDE BRIGGS et al., *Appellants*, v. P. A. BOUNDS, *Respondent*.[1]

FRAUDS, STATUTE OF—BROKERS—EMPLOYMENT—ORAL CONTRACT— SUFFICIENCY. Under Laws 1905, p. 110, requiring a contract with a broker for commissions on the sale of real estate, or a memorandum thereof, to be in writing, an oral contract of employment for the sale of land at a stated compensation is void as within the statute of frauds.

SAME—PERFORMANCE—EFFECT. Where a statute requires a contract for the employment of a broker, or a memorandum thereof, to

[1] Reported in 94 Pac. 101.

be in writing, full performance of an oral contract will not take the same out of the operation of the statute or authorize a recovery upon a *quantum meruit.*

Appeal from a judgment of the superior court for Yakima county, Rigg, J., entered March 29, 1907, upon sustaining a demurrer to the complaint, dismissing an action to recover a commission on the sale of real property. Affirmed.

*Snyder & Luse,* for appellants.

Root, J.—This was an action brought by appellants to recover from respondent a commission for finding a purchaser for certain real estate. From a judgment of dismissal, this appeal is prosecuted.

The complaint alleges that defendant entered into an oral contract with plaintiffs, whereby the latter agreed that they would use their best endeavors to find a purchaser for defendant's property at a mentioned price, and that he agreed to pay them for said services the sum of $800. To this complaint a demurrer was interposed by defendant and sustained by the trial court. Plaintiff electing to stand upon their complaint, the action was dismissed, and this appeal taken.

The trial court evidently sustained the demurrer by reason of chap. 58, Laws 1905, page 110, which amended Bal. Code, § 4576 (P. C. § 5343), and so far as applicable to this case reads as follows:

"In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract, or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

The effect of this statute upon oral contracts of the character here involved is set forth in the case of *Keith v. Smith,*

46 Wash. 131, 89 Pac. 473. The decision in that case is conclusive of this, and upon the authority thereof the judgment of the trial court is hereby affirmed.

HADLEY, C. J., FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.