[No. 7150.  Decided March 17, 1908.]

DOUGLAS ROSS *et al.*, *Appellants*, v. DAVID KAUFMAN, *Respondent*.[1]

FRAUDS, STATUTE OF—BROKERS—EMPLOYMENT—CONTRACT IN WRITING—MEMORANDUM—SUFFICIENCY.  Under Laws 1905, p. 110, requiring a contract with a broker for commissions on the sale of real estate, or a memorandum thereof, to be in writing, a note of instructions to the agent containing none of the terms of the contract of employment is insufficient as a memorandum under the statute.

CONSTITUTIONAL LAW—CLASS LEGISLATION—RIGHT TO CONTRACT—BROKERS.  Laws 1905, p. 110, requiring a broker's contract to be in writing is not unconstitutional as class legislation, or as an unwarranted interference with the right to contract.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 14, 1907, upon sustaining a demurrer to the complaint, in an action to recover commissions, upon a sale of real estate.  Affirmed.

*Jay C. Allen*, for appellants.

*Chas. M. Fouts* and *Kitt Gould*, for respondent.

MOUNT, J.—This action was brought by the appellants to recover commissions upon sale of real estate.  The trial court sustained a demurrer to the amended complaint.  Plaintiffs refused to amend further, and the action was dismissed.

The facts are essentially the same as in the case of *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473, and must be affirmed for the reasons stated in that case, which was followed in

[1]Reported in 94 Pac. 641.

*Briggs v. Bounds, ante* p. 579, 94 Pac. 101. The appellants argue here that the act of 1905, Laws 1905, p. 110, which requires contracts of this kind to be in writing, is unconstitutional because, first, it is class legislation and, second, it is an unwarranted interference with the rights of contract. Neither of these reasons requires extended notice. All class legislation is not prohibited by the constitution. *Fitch v. Applegate,* 24 Wash. 25, 64 Pac. 147. This statute does not affect the right of contract, further than to require certain contracts to be in writing, and this is without doubt within the legislative power. Otherwise the legislature could require no contract to be in writing. We think the act is constitutional.

The judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, and ROOT, JJ., concur.