## Selvage v. Talbott.

[No. 21,773.   Filed May 23, 1911.]

1. CONTRACTS.—*Written.*—*Sales of Real Estate.*—*Commissions.*— *Constitutional Law.*—*Statutes.*—*Police Power.*—The act of 1901 (Acts 1901 p. 104, §7463 Burns 1908) providing that "no contracts for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing," does not violate article 1, §21, of the Constitution, providing that "no man's particular services shall be demanded without just compensation," or article 1, §23, of the Constitution, providing that "the general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens," nor does it violate the 14th amendment to the federal Constitution, such statute being merely an exercise of the police power.   pp. 649, 650.

2. STATUTES.—*Construction.*—Statutes in derogation of the common law must be strictly construed.   p. 650.

3. CONSTITUTIONAL LAW.—*Police Power.*—*Regulation of Business.* —The State, under its police power, has the right to regulate all kinds of business to protect the public health, morals and welfare, subject to the restrictions of reasonable classification. pp. 650, 653.

4. CONTRACTS.—*Oral.*—*Invalid.*—*Quantum Meruit.*—An action on the *quantum meruit* does not lie to recover for services performed under an oral contract for commission for the sale of real estate, the statute (§7463 Burns 1908, Acts 1901 p. 104) requiring such contracts to be in writing.   p. 653.

From Superior Court of Marion County (79,503); *P. W. Bartholomew*, Judge.

Action by Joseph W. Selvage against Henry M. Talbott. From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*Robert W. McBride*, for appellant.

*Charles W. Smith, John S. Duncan, Henry H. Hornbrook* and *Albert P. Smith*, for appellee.

MORRIS, J.—Appellant sued appellee on an oral contract for services in negotiating a sale of real estate. The complaint is in three paragraphs, the first of which declares on an agreement for a commission of two and one-half per cent

on the amount of the sale price, the second, on an agreement for a reasonable compensation, and the third is based solely on the *quantum meruit*. The latter paragraph alleges the rendition of services by plaintiff to defendant at his special instance and request, in finding for him a purchaser for certain real estate, the reasonable value of the services, and that the claim is due and unpaid. To each paragraph of complaint the lower court sustained a demurrer for insufficient facts. This action of the court is here assigned as error.

It is conceded by appellant that the lower court did not err in sustaining the demurrer to the first and second paragraphs of complaint, if the act of March 5, 1901

1. (Acts 1901 p. 104, §7463 Burns 1908), relating to contracts for services in selling real estate, is a valid enactment. But appellant claims that this act is unconstitutional and void, because it conflicts with article 1, §§21, 23, of the Constitution of Indiana, and also with §1 of the 14th amendment to the Constitution of the United States. Appellant further insists that even though the act in controversy is constitutional, it applies only to express contracts, and therefore the third paragraph of complaint, which is on an implied obligation, is sufficient to repel a demurrer.

Appellee contends that the statute in controversy is valid, but that the contract sued on is invalid because not in writing. Section 7463, *supra*, reads as follows: "That no contracts for the payment of any sum of money, or thing of of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative." Article 1, §21, of our Constitution is as follows: "No man's particular services shall be demanded without just compensation. No man's property shall be taken by law without just compensation; nor, except in the case of the State,

without such compensation first assessed and tendered." Article 1, §23, of our Constitution reads as follows: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

At the outset, it may be conceded that this statute is in derogation of the common law, and therefore must be strictly construed. *Thornburg* v. *American Strawboard Co.* (1895), 141 Ind. 443. It may be further conceded, as appellant contends, that when the General Assembly makes a classification of the subjects of legislation, it must have some reasonable basis on which to stand, and must operate equally upon all within the class; that the reason for the classification must inhere in the subject-matter, and must be natural and substantial. A proper classification treats all brought under its influence alike, under the same conditions, and must embrace all within the class to which it is naturally related. *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 14 L. R. A. (N. S). 418, and cases cited. But it cannot be questioned that the State, under its police power, has the right to regulate any and all kinds of business to protect the public health, morals and welfare, subject to the restrictions of reasonable classification. *Walker* v. *Jameson* (1895), 140 Ind. 591; 28 L. R. A. 679, 49 Am. St. 222; *Adams Express Co.* v. *State* (1903), 161 Ind. 328; *Seelyville Coal, etc., Co.* v. *McGlosson* (1906), 166 Ind. 561, 117 Am. St. 396; *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27.

Several states have laws similar to the one in controversy. In *Baker* v. *Gillan* (1903), 68 Neb. 368, 94 N. W. 615, the supreme court of Nebraska, in deciding a case involving the matter in issue here, used the following language: "The only question suggested by the petition in error and discussed in the briefs is whether an oral agreement like the one on which the plaintiff relies is valid and enforceable. The first section of the act of 1897 [Session Laws 1897 p. 304] is as follows: 'Every contract for the sale of lands,

between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent.' It is conceded that the case falls within the provisions of this section, and that if the law is constitutional the judgment is right. We think the law is constitutional, and that the argument in support of the claim that it is special legislation is obviously unsound. It is, of course, competent for the legislature to classify objects of legislation; and if the classification is reasonable, and not artificial or arbitrary, it will be upheld as a legitimate exercise of legislative power. The statute here considered is only a new instance of the exercise of that power. It may be that it is without exact precedent, but it has many familiar analogies in the legislation of this and other states. It is no more special legislation than are those provisions of the statute of frauds which require certain contracts to be evidenced by writing. It is in fact, a virtual extension or enlargement of the statute of frauds, and like that statute was designed to prevent the bringing of actions which experience had shown were often conceived in fraud and maintained by perjury. It purports to be, and it is, a general law; its operation is uniform throughout the state; it affects alike all persons under the same conditions and circumstances; and, its object being the supression of an evil believed to be peculiarly connected with the class of contracts with which it deals, it is not, in our judgment, open to the constitutional objection urged against it."

In the case of *Ross* v. *Kaufman* (1908), 48 Wash. 678, 94 Pac. 641, the supreme court of the State of Washington, in passing on the constitutionality of a statute similar to ours, said: "The appellants argue here that the act of 1905 (Laws 1905 p. 110), which requires contracts of this

kind to be in writing, is unconstitutional, because (1) it is class legislation; and (2) it is an unwarranted interference with the rights of contract. Neither of these reasons requires extended notice. All class legislation is not prohibited by the constitution. * * * This statute does not affect the right of contract, further than to require certain contracts to be in writing, and this is without doubt within the legislative power. Otherwise the legislature could require no contract to be in writing. We think the act is constitutional."

It is a matter of common knowledge that before the enactment of this statute numerous suits were being instituted from time to time by agents and brokers who claimed commissions on sales of land, on the ground that they had been instrumental in procuring purchasers, and these claims were often resisted by the defendants, because, as alleged, there was absolutely no basis for them. On the other hand, brokers and agents complained that owners, when sales were once effected by the agents, often after an expenditure of great effort, were given to repudiating their honest obligations. An examination of court records will reveal the contradictory testimony of the interested parties in such cases, and show the extreme difficulty imposed on courts and juries in ascertaining the truth. No doubt the principal motive which actuated the members of the General Assembly in enacting the statute was to put an end to such disputes, and prevent fraud and perjury, and we believe the enactment is well within the police powers of the State.

Appellant maintains that the classification in this act is purely artificial and arbitrary; that it singles out a particular class of agents—those engaged in real estate sales—and imposes restrictions on such class not imposed on any other class of agents; that, in fact, it applies to only those real estate agents engaged in the selling, and not to those engaged in the purchase of real estate. In regard to the latter claim, it is sufficient to say that it is a matter of

common knowledge that brokers usually look to the owner of the real estate for compensation, rather than to the purchaser. This is a sufficient reason to warrant the exclusion of agency contracts for the purchase of land from the operation of the law. The act in controversy is not in conflict with either §21 or §23 of article 1 of our Constitution. *City of New Albany* v. *New Albany St. R. Co.* (1909), 172 Ind. 487.

Nor is this statute in conflict with the 14th amendment to the federal Constitution. This amendment, broad as it is, was not designed to interfere with the police power of the State

3.   to regulate business and occupations, and for the promotion of the peace, morals and welfare of the people. *Knight & Jillson Co.* v. *Miller, supra; Cincinnati, etc., R. Co.* v. *City of Connersville* (1908), 170 Ind. 316; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423; *Smith* v. *Stephens* (1910), 173 Ind. 564, 30 L. R. A. (N. S.) 704.

No error was committed by the lower court in sustaining the demurrer to the third paragraph of complaint. Where the law makes an express oral contract for

4.   services invalid, it will not create, by implication, a liability for such services. It is admitted by counsel for appellant that this rule is declared in *Beahler* v. *Clark* (1904), 32 Ind. App. 222, but counsel claims it is erroneous. Where the question has been raised in other jurisdictions, a similar rule has been adopted. *Blair* v. *Austin* (1904), 71 Neb. 401, 98 N. W. 1040; *Leimbach* v. *Regner* (1904), 70 N. J. L. 608, 57 Atl. 138; *Jamison* v. *Hyde* (1903), 141 Cal. 109, 74 Pac. 695; *Keith* v. *Smith* (1907), 46 Wash. 131, 89 Pac. 473, 13 Am. and Eng. Ann. Cas. 975 and note.

In the case of *Zimmerman* v. *Zehendner* (1905), 164 Ind. 466, this court said: "In short, the contract, in so far as it relates to this action, is only partially in writing. The important feature—the amount of commission to be paid— is to be ascertained by parol testimony in regard to an understanding which may prove to be a misunderstanding,

the exact thing which the statute was designed to prevent. A contract partly written and partly verbal is a parol contract, and contracts required by law to be in writing must be wholly written to be enforceable."

Under this statute, no recovery can be had on the *quantum meruit.* There is no error in the record. Judgment affirmed.