## HORNBACK et v. SABIN ROBBINS PAPER CO.

Ohio Appeals, 1st Dist., Butler County.

No. 374. Decided Dec. 12, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

257. COMMISSION—For Sale of Real Estate.

1. Allegation, which clearly means that, prior to July 9, 1925 (the effective date of amendment to 8621 GC.) plaintiff "found a person who later became a purchaser" not sufficient to support action for commission based on verbal contract.

2. "To find a purchaser" means "to find a person ready, willing and able, at the time, to take the property at the price and upon the terms stipulated."

923. PLEADINGS.

Allegations, in petition, that "the services so performed by plaintiffs were worth said commission" does not convert action into one for quantum meruit on an implied contract.

Error to Common Pleas.
Judgment affirmed.

C. W. Elliott, Middletown, for Hornback et.
W. C. Sheperd, Hamilton, for Sabin Robbins Paper Co.

### STATEMENT OF FACTS.

Plaintiffs, partners, in the real estate brokerage business, brought suit in the Court of Common Pleas on Oct. 3, 1925, against The Sabin Robbins Paper Co., a corporation, praying judgment for $2500, and interest from Sept. 24, 1925, on an alleged contract to find a purchaser for certain real estate.

The amended petition avers that "on or about the fourth day of December, 1924, the defendants employed plaintiffs to find a purchaser for certain real estate * * *."

The remaining averments of the amended petition were as follows:

"Plaintiffs accepted said employment, and on the 10th day of December, 1924, found a purchaser for said property, exhibited said property to said purchaser with the knowledge and consent of the defendant, and notified defendant of said facts. * * *"

"Plaintiffs have done and performed each and every thing and condition by said agreement with defendant required of them, but defendant refuses to pay such commission of any part thereof. And the services so performed by plaintiffs were worth said commission."

MILLS, J.

"At the trial, on Jan. 13, 1927, before any other material evidence had been heard, the testimony of one of the plaintiffs developed the fact that the contract sued on was wholly verbal. Thereupon the court, at the request of the defendant, directed the jury to return a verdict for the defendant. Plaintiffs ask that the judgment below be reversed, and that a new trial be granted.

Since the enactment, effective July 9, 1925, of the amendment to Section 8621 of the Ohio General Code that brings within the statute of frauds "an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate," our Supreme Court, in the case of Brenner v. Spiegle, 116 OS. 583 (157 N. E. 491) has held a petition to be demurrable which set forth facts essentially similar to those set forth in the case now before us.

Plaintiffs here contend that their amended petition does not come within the ruling of Brenner v. Spiegle, because they have set out facts showing that plaintiffs accepted the offer of defendant prior to the effective date of the statute in question, since they have averred the plaintiffs "on the 10th day of Dec., 1924, found a purchaser for said property, exhibited said property to said purchaser, with the knowledge and consent of the defendant, and notified defendant of said facts." However, that averment in the amended petition, as the accompanying allegations show, clearly means that on Dec. 10, 1924, the plaintiffs merely found a person who later became a purchaser."

The case of The J. A. Wigmore Co. v. Chapman, 113 OS. 682, is our authority for holding that "to find a purchaser" means "to find a person ready, willing and able at the time to take the property at the price and upon the terms stipulated." The amended petition clearly shows that palintiffs did not comply with these requirements until some date after Dec. 10, 1924; and the amended petition fails to say whether that date was earlier or later than July 9, 1925.

On the authority of the two Supreme Court cases already cited, we hold that the amended petition did not state a cause of action on express contract.

Plaintiffs contend, however, that if the amended petition is not good as an action on the express contract, it nevertheless states a good cause of action for recovery quantum meruit. With this contention we do not agree. Without deciding, at this time, that a person engaged in the real estate brokerage business could never escape the provisions of the amendment by suing for a quantum meruit under an implied contract, we hold that the added averment in the amended petition to the effect that "the services so performed by plaintiffs were worth said commission" doese not convert this action into one for quantum meruit on an implied contract.

The judgment of the Court of Common Pleas will be affirmed."

(Hamilton, P. J. and Cushing, J., concur.)