HARRIS *v.* BLASBERG.

(Decided April 30, 1928.)

*Mr. Julius R. Samuels* and *Mr. Alvin H. Rowe,* for plaintiff in error.

*Mr. Leo Weinberger,* for defendant in error.

MILLS, J.   Plaintiff below, Morris Harris, a real estate broker, sued the defendant, Harry B. Blasberg, in the court of common pleas for $1,320, alleged to be due for services rendered in procuring a purchaser for certain real estate owned by the defendant in the city of Cincinnati.

Plaintiff's second amended petition averred that on or about January 1, 1926, defendant, knowing that plaintiff was "engaged in the business of procuring purchasers for purchase of real estate, for compensation, * * * requested plaintiff to procure a purchaser" acceptable to the defendant for defendant's said real estate, and that on or about November 6, 1926, the plaintiff procured a purchaser, in that he procured and submitted to the de-

fendant a certain written offer of certain parties to purchase said property at the price of $33,000; that the defendant executed a written acceptance of said offer, and did, on December 7, 1926, in pursuance of said offer and acceptance, execute and deliver a deed for said property to the parties aforesaid, and did receive from said parties the said purchase price.

Plaintiff further alleged that during the time aforesaid "there was a custom and usage in the city of Cincinnati, Ohio, long established and well known to the defendant, that the reasonable value of the services of a real estate agent for procuring a purchaser for the purchase of properties acceptable to the owners thereof was a sum equivalent to 4% of the purchase price." It was further averred that the "reasonable value of the services rendered by plaintiff to defendant" was $1,320, that "as a result of the efforts of said plaintiff in procuring a purchaser for the aforesaid properties of defendant at said defendant's request, said defendant had been unjustly enriched, to the detriment of plaintiff," in said sum of $1,320, and that the defendant had refused to pay said sum.

To this second amended petition the defendant filed a demurrer, which was sustained by the court of common pleas, on the ground that the facts stated did not show a cause of action. The plaintiff elected not to plead further, and now prosecutes error to the judgment of the court of common pleas, dismissing his action.

The judgment below is based on Section 8621, General Code, as amended, 111 Ohio Laws, 104, effective

July 10, 1925, the pertinent part of which reads as follows:

"No action shall be brought whereby to charge the defendant, * * * upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate; * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

In the case of *Brenner* v. *Spiegle,* 116 Ohio St., 631, 157 N. E., 491, a petition by a real estate broker to recover a commission, based upon the securing of a tenant for the lease of real estate, was held by our Supreme Court to be demurrable, because (1) a lease of real estate for a consideration is a sale of an interest in real estate; and (2) the contract sued on was not in writing, nor evidenced by any written note or memorandum thereof. It appears from the reported decision in that case that the petition showed affirmatively that the contract sued on was not in writing, for at page 633 of 116 Ohio State (157 N. E., 492), in the opinion, it is stated that the "defendants orally employed the plaintiff."

In the case of *Hornback* v. *Sabin Robbins Paper Co.,* 27 Ohio App., 329, 161 N. E., 213, recently decided by this court, the petition averred that the defendant employed the plaintiffs, and that the defendant "agreed to pay plaintiffs the usual and customary commission," an averment which was not inconsistent with the existence of a written offer by the defendant. In that case the defendant filed a general denial, thus leaving it to be developed at

the trial that no written agreement, promise, or contract, or any note or memorandum thereof, had been signed by the defendant, or by any other person authorized to act in defendant's behalf.

The petition before us does not state whether or not the "request" was in writing; but the plaintiff's brief categorically says that "there was no written contract between the owner and the broker." We conclude, therefore, that the request was wholly oral, and that there exists no written contract, promise, or agreement, nor any written memorandum or note thereof, signed by the defendant or by any other person thereunto by him authorized.

Plaintiff's brief says:

"There is no question but that no action can be maintained upon an oral agreement, promise, or contract to pay commission for or upon the sale of an interest in real estate, by virtue of that statute, but there is nothing in that statute contained which invalidates such an oral contract or prevents a person from pursuing any other remedy that he may have, in law or in equity, other than on the oral contract referred to in the statute. The plaintiff does not seek to recover upon any oral agreement, promise or contract, to pay any commission for the sale of defendant's real estate. His petition is based upon the principle of *quasi* contract. * * * Plaintiff's petition shows that plaintiff rendered services which have value, not voluntarily, but with the intention of being compensated; that defendant has received the benefits and retained them; and not to compensate plaintiff for them would be contrary to equity and good conscience, and * * * [would

enable defendant to] enrich himself unjustly at the expense of plaintiff.''

The plaintiff relies strongly upon the principle of the decision in *Towsley* v. *Moore,* 30 Ohio St., 184, 27 Am. Rep., 434, wherein it was decided that, notwithstanding the provision denying a right of action on a verbal contract not to be performed within one year, the plaintiff who had performed a verbal contract to work for the defendant as a household servant from the time she was 11 until she was 18 years old was held entitled to recover the reasonable value of the services so rendered.

But the situation in that case was far different from the case now under consideration. Here the plaintiff, of full age, and a real estate broker, is in effect asking for equitable relief against the operation of a statute passed for the express purpose of governing the very business of his professional choice.

The subject of quasi contracts has been considered at length in numerous court decisions and in the special treatises of Keener and others, as well as in the various works on the general subject of ''Contracts.'' It will suffice to quote here from *Miller* v. *Schloss,* 218 N. Y., 400, 407, 113 N. E., 337, 339, the following:

''A quasi or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent,

under such circumstances that in equity and good conscience he ought not to retain it, and which *ex aequo et bono* belongs to another. Duty, and not a promise or agreement or intention of the person sought to be charged, defines it.''

But the weight of authority is decidedly against the application of this doctrine to claims for commissions for the sale of real estate.

''Although it is the rule that a person rendering the services under a contract which is unenforceable as lacking compliance with the statute of frauds may recover on a *quantum meruit* for services actually rendered if the employer refuses to complete or perform on his part, yet the courts have generally refused to extend this principle so as to enable an agent acting under an oral appointment to recover on a *quantum meruit* for services rendered in negotiating a sale of land.'' 25 Ruling Case Law, 439, title ''Statute of Frauds,'' Section 8.

''In those jurisdictions * * * which have passed special enactments requiring contracts for the employment of real estate brokers to be reduced to writing, there can be no recovery for services rendered by the latter pursuant to an oral agreement, not even upon the basis of a *quantum meruit*.'' 4 Ruling Case Law, 301, title ''Brokers,'' Section 44.

In 17 A. L. R., at page 891, the annotator says:

''A broker cannot recover for his services in buying or selling real estate upon a *quantum meruit*, where his contract was not in writing, when that is required by the statute in relation to brokers.''

Although the decision in *Seifert* v. *Dirk,* 175 Wis., 220, 223, 184 N. W., 698, 17 A. L. R., 885, sustained the plaintiff's right of action in *quantum meruit* for

services rendered on the faith of an oral agreement to pay for procuring a purchaser for real estate, the court was closely divided, and in the opinion the majority conceded that the general trend of decisions was against them.

In 4 Ruling Case Law, 250, title "Brokers," Section 7, is found the following statement of the purpose intended to be accomplished by such statutory provisions as the section of our statute of frauds now under examination:

"In order to prevent disputes between the owners of real estate and brokers as to the latter's right to commissions upon a sale thereof, and to put a stop to the suits so frequently brought by real estate agents after the owners of lands have sold them, claiming a commission on the ground that they had been instrumental in securing the purchaser, a considerable number of states have inserted a provision in the statute of frauds, expressly requiring written authority to act as an agent in negotiating a purchase or sale of real estate."

In *Paul* v. *Graham,* 193 Mich., 447, 451, 160 N. W., 616, the court had under consideration a case involving the right of a broker to recover in *quantum meruit* in spite of a provision in the statute of frauds in the state of Michigan making a contract for commission void unless in writing. The court said:

"It has been the rule of this court to permit recoveries for services actually performed under contracts void under the statute of frauds, either at the contract price or under a *quantum meruit.* * * * If this rule is to be made applicable to this section of the statute of frauds, it would practically nullify

the effect of the statute. Demands for commissions by real estate brokers are not usually made or pressed until the contract is performed. This being so, a recovery could be had, in nearly every instance, either at the contract price or under the *quantum meruit*. In order to give the act the effect which the legislature evidently intended it should have, we have decided to hold that no recovery can be had under this section unless the agreement therefor is in writing. This is in accord with the holding of other courts which have construed similar statutes."

In *Cushing* v. *Monarch Timber Co.,* 75 Wash., 678, 135 P., 660, Ann. Cas., 1914C, 1239, the court in a similar case said:

"To permit a recovery upon the *quantum meruit* or upon an implied contract would be to defeat the purpose of the statute and supply by implication a contract which the statute expressly says may only be proven by written evidence."

The probable result of sustaining the plaintiff's right of action in the present case is described by the dissenting minority of the court in *Seifert* v. *Dirk, supra,* as follows:

"It was for the purpose of suppressing litigation of this kind that the legislation was enacted. * * * By virtue of the construction placed upon it by the decision in this case, the legislative purpose in enacting the statute is defeated, and its effort to suppress actions of this kind is rendered entirely futile."

Counsel for plaintiff in error call attention to the fact that many of the decisions cited by the defendant in error pertain to the construction of statutes which either provide that the oral contract shall be

invalid, or provide that it should be absolutely void; whereas our statute merely provides that no action may be brought thereon.

As pointed out in *Weatherhead* v. *Cooney*, 32 Idaho, 127, 180 P., 760, cited in 17 A. L. R., 894, the distinction between the several provisions in the various statutes does not make it any the less true that to allow the plaintiff to recover upon a quasi contract would completely abrogate the statute.

As it is put by Vickery, J., in the case of *Mock* v. *Mitchell, ante,* 98:

"If, by suing upon a *quantum meruit* instead of upon the contract, recovery could be had upon a verbal contract for the sale of real estate, if the work had been done, it would evade the very purpose for which the Legislature, at the instance of the real estate board of this city, and others elsewhere in the state, sought to have this law passed, to prevent suits of all kinds by persons who claimed a commission for the sale of real estate."

We hold, therefore, that the petition in the present case was demurrable under our statute, and that the judgment of the court of common pleas should be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.