**MAYNES REAL ESTATE, INC. and
Lowell Oxley, Appellants,**

v.

**J.F. McPHERRON, William C. Miller
and Marilyn Miller, Appellees.**

No. 83–578.

Supreme Court of Iowa.

Aug. 22, 1984.

As Corrected Sept. 18, 1984.

Ronald D. Bonnett of Wilson, Bonnett & Christensen, P.C., Lenox, for appellants.

Philip C. Armknecht of Reese & Armknecht, P.C., Red Oak, and Mark D. Swanson of Swanson, Boeye & Bloom, Red Oak, for appellees.

LARSON, Justice.

These plaintiffs sued to collect a real estate commission allegedly due under an oral listing agreement for the sale of farmland owned by the defendants Miller. The district court denied recovery under a claim of quantum meruit based on its finding that the plaintiff's efforts did nothing to promote the sale. On appeal, the case was transferred to the court of appeals, which affirmed, but on a different basis: that our decision in *Milholin v. Vorhies*, 320 N.W.2d 552 (Iowa 1982), which held oral listing contracts to be unenforceable, must logically be extended to preclude quantum meruit recovery as well. On further review, we affirm the court of appeals and the district court.

The facts relevant to the issue on appeal are not disputed. Plaintiff Oxley was a licensed real estate salesman employed by plaintiff Maynes Real Estate, Inc. Defendants Miller owned three parcels of Iowa farmland, two of which were involved in this case. In the summer of 1979, another real estate company, Doan Real Estate, advertised the three Miller farms for sale. Plaintiff Oxley contacted Doan and inquired whether he might receive a commission if he produced a buyer for the Millers' land. After showing the property with no success on several occasions, plaintiff found a client who showed some interest. Upon recontacting Doan Real Estate, plaintiff was directed to the defendant, McPherron, who was managing the farms. Although defendant McPherron informed the plaintiff Oxley that he fully intended to sell the farms himself, plaintiff alleged McPherron agreed orally to pay plaintiff 2.5% of the sale price as commission if a buyer were produced. No written agreement was ever drafted.

The evidence reflects that the Muff brothers, two area grain and livestock farmers, and Oxley were in contact with one another over the purchase of farmland, and that Oxley, on one occasion, drove the Muffs past the Miller land. Later, when the Muffs took a stronger interest in the Miller land, Oxley obtained a key to the gate of one of the parcels from McPherron and drove Robert Muff over the land. Oxley told the Muff brothers that if they had any questions they could contact the manager, McPherron. Oxley then went on a short vacation.

The Muffs did contact McPherron and eventually negotiated a sale with him. Both Muff brothers testified at trial that they told defendant that Oxley had originally shown them the farm, but it is undisputed that Oxley took no part in the negotiations, and that he spent no more than "the better part of a morning" with the Muffs.

Plaintiffs originally sued only on the oral listing contract between Oxley and McPherron. Based on our decision in *Milholin*, however, the trial court sustained defendants' motion for summary judgment. The plaintiffs then amended their petition to assert the theory of quantum meruit, and the case went to trial on that issue alone. The district court did not address the question of whether quantum meruit would lie in such a case; it apparently assumed that if such a theory were viable, the plaintiffs' services were nonetheless insufficient to justify a recovery.

While this court had previously recognized the enforceability at common law of oral brokerage agreements, *McHugh v. Johnson*, 268 N.W.2d 225, 227 (Iowa 1978), it has also held that where it is within the statutory authority of the agency, a rule has the force and effect of a statute. *Milholin*, 320 N.W.2d at 553 (citing *Davenport Community School District v. Iowa Civil Rights Commission*, 277 N.W.2d 907, 909 (Iowa 1979)).

Iowa Code section 117.9 authorizes the Iowa Real Estate Commission to promulgate rules for implementing chapter 117, which relates to the sale of real estate. The commission responded by enacting section 1.23, Iowa Admin.Code chapter 700, which provides:

All listing agreements shall be in writing, properly identifying the property and containing all of the terms and conditions under which the property is to be sold, including the price, the commission

to be paid, the signatures of all parties concerned and a definite expiration date.

In *Milholin,* this court upheld section 1.23 as within the commission's delegated authority to safeguard the public and to regulate the sales of real estate. 320 N.W.2d at 554. In doing so, this court analogized the rule to a statute of frauds. *Id.* (citing Restatement (Second) of Contracts, Statutory Note at 285, § 110(5), and Comment b to § 126 (1979)). This court also compared and discussed a rule containing almost identical language about which the Vermont Supreme Court said:

> Ostensibly, the purpose of this rule is for the protection of the public to establish fair dealings between parties, standardize the procedure and practices in the real estate business and to prevent fraud. Its purpose is similar to that of the statute of frauds, which, ... "is to prevent a party from being compelled, by oral and perhaps false testimony to be held responsible for a contract he claims he never made." *Green Mountain Realty, Inc. v. Fish,* 133 Vt. 296, 299, 336 A.2d 187, 189 (1975).

*Milholin,* 320 N.W.2d at 554.

We noted the Iowa Real Estate Commission's broad authority to determine what practices are harmful or detrimental to the public and concluded that section 1.23 was a proper exercise of the commission's statutory authority to safeguard the public and to provide rules for brokers and agents. *Id.* The effect was to make oral brokerage listing agreements unenforceable upon proper objection.

Recognizing this, plaintiffs nevertheless request this court to hold that quantum meruit relief is available to them; that they should be compensated notwithstanding the written-agreement requirement of section 1.23. Resolution of this issue turns on whether the legislative intent underlying section 1.23 was to forbid any recovery by a broker or sales agent under an oral agreement. Under the plaintiffs' theory, it would make little difference whether the statutory requirement of a writing had been complied with or not if they could fall back on the theory of quantum meruit. Clearly, the result would defeat the purpose of the rule as recognized in *Milholin.*

The general rule is stated by one authority:

> In support of the very generally accepted rule ... that the failure to satisfy a statute requiring a broker's contract to be in writing precludes recovery in quantum meruit also, it has been stated in a number of cases that to hold other-wise would be [to] nullify the intent of the statute.

41 A.L.R.2d 901, 910 (1955) (citing *Beahler v. Clark,* 32 Ind.App. 222, 227, 68 N.E. 613, 614 (1903)) (true intent of the statute was that there should be no recovery of compensation for the services of a broker except upon a written contract); *Selvage v. Talbott,* 175 Ind. 648, 653, 95 N.E. 114, 116 (1911) (where the law makes an oral contract for services invalid, it will not create by implication a liability for that service); *Harris v. Blasberg,* 30 Ohio App. 100, 106, 164 N.E. 367, 368 (1928) (fact that applicable statute merely provided that "no action may be brought thereon" as distinguished from other statutes providing for invalidity did not make it any less true that quasi-contract theory would abrogate statute).

The plaintiffs rely on *Wunschel Law Firm, P.C. v. Clabaugh,* 291 N.W.2d 331 (Iowa 1980), a case in which an attorney brought an action for fees based on a contingent fee contract. We held that because the fee was based on a percentage of the difference between the prayer of the petition and the amount awarded, it was void. *Id.* at 337. We held that the contract was not invalid because of the illegality of the services, but rather because of the public policy grounds involved. The decision of this court was therefore without prejudice to the plaintiffs' right to seek recovery under quantum meruit. *Id.*

*Wunschel* is distinguishable for two reasons. First, *Wunschel* did not involve a question of a specific violation of a statute of frauds provision. Rather, the violation was of public policy as determined by a review of the ethical considerations and

disciplinary rules as they applied to fees. In *Wunschel,* there was no specific statutory bar to the actions taken by the plaintiff. In fact, as this court noted:

> In its brief, the Committee [on Professional Ethics and Conduct of the Iowa State Bar Association] states it found no case involving a challenge to a contingency fee contract in circumstances like those involved here. The Committee concluded that the present case "appears to be unique in the annals of American jurisprudence." Our own research confirms that view.

*Id.* at 332–33. In the present case, the plaintiffs violated a specific rule requiring a written listing.

Second, and most importantly, recovery in *Wunschel* on a quantum meruit basis did not frustrate the purpose of the disciplinary rules, which is to require "reasonable fees which bear a logical relationship to the amount of time and labor required, the likelihood that other work will be precluded, the fee customarily charged, the time limitations, the nature and link of a professional relationship with the client, and the experience of the attorney." Iowa Code of Professional Responsibility for Lawyers, DR2–106. Rather, recovery on a quantum meruit basis promoted the purpose of the rule. Conversely, quantum meruit recovery in this case would thwart the purpose of section 1.23.

We hold since plaintiffs cannot recover on an oral contract of employment, neither can they recover for the same services on a quantum meruit theory. If this rule works some "inequities in particular cases, it is within the purview of the legislature and not this court to correct what is now well-settled public policy." *Wright v. Smith,* 105 R.I. 1, 249 A.2d 56, 57 (1969) (statute prohibited oral agreements; quantum meruit theory not allowed).

We affirm the court of appeals and the district court.

AFFIRMED.

All Justices concur except McGIVERIN and WOLLE, JJ., who concur specially.

McGIVERIN, Justice (concurring specially).

I concur only in the result reached by the majority.

I would uphold the trial court judgment for defendants on the same basis the trial court relied upon. Plaintiff's evidence was insufficient to support a claim for quantum meruit recovery of a real estate sale commission.

However, as to the principles of law applicable to this case, I adhere to the views and authorities stated in my dissent in *Milholin v. Vorhies,* 320 N.W.2d 552, 556–57 (Iowa 1982). I believe a licensed real estate agent should have the same right as a lawyer, *Wunschel Law Firm, P.C. v. Clabaugh,* 291 N.W.2d 331, 337 (Iowa 1980), to seek recovery under a quantum meruit theory for his services rendered, if he is denied recovery under other principles of law. The majority is incorrect in ruling otherwise.

WOLLE, J., joins this special concurrence.