## Nazmack Development Corp. v. Eisenhart Real Estate

*Glenn C. Vaughn,* for plaintiffs.
*Rebecca N. Tortorici,* for defendant.

HORN, *J.,* October 26, 1989 — These cases involve an oral real estate listing agreement between Eisenhart Real Estate, as the listing agent, and Nazmack Development Corporation, as the seller. The parties are now before us on preliminary objections to Eisenhart's counterclaim in case 89-SU-00496-01 and Eisenhart's amended complaint in case 89-SU-02428-01.

Eisenhart's counterclaim and amended complaint allege that they had an exclusive right to sell and receive commissions on all 101 condominium units built by Nazmack Corporation, but were discharged by Nazmack Corporation after selling approximately two-thirds of those units. They seek damages under either a breach of contract or quantum meruit/ unjust enrichment theory. Nazmack Corporation and its owner, defendant Michael Nazmack, demur on three bases.

The first demurrer is to Eisenhart's attempt to "pierce the corporate veil" and hold Mr. Nazmack liable for the actions of Nazmack Corporation.

The factors the court must consider in determining whether to discard the protections of the corporate entity are many, they include: substantial intermingling of corporate and personal funds, gross undercapitalization, failure to observe corporate formalities, non-payment of dividends, siphoning of corporate funds, and the lack of corporate duties performed by the officers or directors. See e.g.,

*Solomon v. Klein,* 770 F.2d 352 (1985); *Kaites v. Dept. of Environmental Resources,* 108 Pa. Commw. 267, 529 A.2d 1148 (1987). The court must find that the corporate form was used to perpetrate a fraud or that its existence would defeat public policy and the burden of proof is on the party attempting to pierce the veil. *Reverse Vending Assoc. v. Tomra Systems U.S. Inc.,* 655 F.Supp. 1122 (1987).

Eisenhart's complaint alleges that Mr. Nazmack, as president and sole shareholder "so dominated and controlled Nazmack Development Corporation that he could and did immediately direct its action [and] . . . was directly benefited by the damages sustained by the plaintiff and the wrongful termination of the contractual relationship and as such was unjustly enriched."

Although courts have held that veil-piercing is typically a factual question, *Carpenter's Health and Welfare Fund v. Kenneth R. Ambrose Inc.,* 727 F.2d 279 (1983), we find the complaint so inadequate in this regard that even taking the allegations as true an action cannot be sustained against Mr. Nazmack. We, therefore, grant the demurrer in this regard and tailor the remaining discussion to the disputes between Eisenhart and Nazmack Corporation.

The second demurrer alleges that the oral exclusive listing agreement is in violation of Pennsylvania law and unenforceable as: (1) it is not in writing; (2) it does not state in bold type that Eisenhart earns the commission regardless of who actually sells the properties; (3) it fails to specify a definite termination date; and (4) it provides for a period of duration exceeding one year. See The Real Estate Licensing and Registration Act, 63 Pa.C.S. §455.101 et seq. (most specifically section 455.604(10) and the regulations promulgated pursuant to section 455.404 found at 49 Pa. Code §§35.281 and 35.332). Eisen-

hart argues that these provisions are not properly a basis for preliminary objections as they constitute a defense based on the Statute of Frauds and should be asserted by answer/new matter pursuant to Pa.R.C.P. 1030. Preliminarily, we note the incongruencies of Nazmack Corporation's position as they seek us to find Eisenhart in breach of an oral contract they now assert is unenforceable.

Other jurisdictions have found substantially identical regulations as barring not only recovery for a breach of an alleged oral listing contract, but quantum meruit as well. See *Maynes Real Estate Inc. v. McPherron,* 353 N.W.2d 425 (Iowa 1984); *Beahler v. Clark,* 32 Ind.App. 222, 68 N.E. 613 (1903); *Harris v. Blasberg,* 30 Ohio App. 100, 164 N.E. 367 (1928). Cf., 41 A.L.R. 2d 901, 910 (1955); Restatement (Second) of Contracts §110(5) (1979). This, however, is not the law in Pennsylvania.

A thorough reading of the Real Estate Licensing and Registration Act shows that its provisions are not to affect the substantive law of contracts, but rather provide guidelines, enforced solely by the Real Estate Commission after an administrative hearing, for the actions of brokers. Further, any civil penalty or fine imposed by the commission is paid into the Professional Licensure Augmentation Account and not to the "injured" party. This reading of the act is borne out by several recent Pennsylvania cases upholding the validity of oral listing contracts. *Stroudt Realty Inc. v. Haverstock,* 382 Pa. Super. 340, 555 A.2d 210 (1989); *In re Yobe,* 74 Bankr. 430 (1987); *Christo v. Ramada Inns Inc.,* 609 F.2d 1058 (1979). Nazmack Corporation's second demurrer also contends Eisenhart cannot sustain a cause of action as they have failed to state that any other real estate broker was employed to sell the remaining units. The court finds this position wholly untenable as an ex-

clusive listing agreement would entitle Eisenhart to the contracted commission upon sale of the units regardless of whether the sale was through another broker or the corporate owner. Accordingly, we deny the corporation's second demurrer.

The next demurrer contends that even should Eisenhart recover under a quantum meruit theory, they would not be entitled to commissions on the remaining units as they performed no services which would unjustly enrich the corporation. The court is not currently in a position to hold, as a matter of law, that any services and advertising done by Eisenhart in an attempt to procure buyers for those lots that were actually sold, did not have the residual effect of bringing in buyers after the termination of the agreement; hence, we must deny this objection. As a subpart of this demurrer, the corporation claims that Eisenhart's unjust enrichment count is inappropriate where an express contract is alleged. As Pa.R.C.P. 1020(c) permits pleading in the alternative and Eisenhart properly pleaded the quasi-contractual remedy in the amended complaint, we deny this demurrer. Cf., *Birchwood Lakes Community Association Inc. v. Comis,* 296 Pa. Super. 77, 442 A.2d 304 (1982).

In accordance with the foregoing opinion we issue the following

## ORDER

And now, October 26, 1989, the court orders the following:

(1) Michael Nazmack's demurrer to those portions of the complaint in action 89-SU-02428-01 which seek to hold him personally liable for the actions of the complaint is granted.

(2) All other objections are denied.